BOARDMAN, Judge.
The Griffins appeal a final judgment granting to appellee North a common law way of necessity across the Griffins’ land, contending that the requisite elements of such an entitlement were not shown. We agree and reverse.
Appellee sued appellants to establish a common law way of necessity across appellants’ land. Following an unreported hearing, the court entered the following statement of evidence pursuant to Rule 9.200(b)(3), Florida Rules of Appellate Procedure:
1. The documentary evidence submitted by the Plaintiff showed that the lands of the Plaintiff and all of the Defendants had been granted by the State of Florida to one Thomas L. Blitch in 1884, and further showed that the said Thomas L. Blitch had in 1888 conveyed the same property now owned by all Defendants to this action. The documentary evidence submitted deraigning the complete chain of title to the Plaintiff’s property showed that at no time had an easement to the property been given by a grant.

3. Plaintiff presented no testimony with reference to whether or not the property of the Defendants GRIFFIN lay between Plaintiff’s property and a public road or highway at the time that there was a common" ownership of title of property, nor did the evidence establish the location of any public highway or road in the vicinity of Plaintiffs’ (sic) property and the Defendants’ property at the time that there was a common ownership of title.

5. The trial court, pursuant to a motion by the Plaintiff, took a view of the property of the Plaintiff and the Defendants at the close of the testimony in the case and determined from that view that there was no other reasonable or practicable way of egress or ingress to the land owned by the Plaintiff, and that the way of egress or ingress over the lands of the Defendants GRIFFIN and ROBERTS is reasonably necessary for the beneficial use or enjoyment of the lands of the Plaintiff; that the easement thus granted was across the nearest, most practicable route from Plaintiff’s landlocked parcel of land to the nearest public highway or road in existence at the time of the view by the Court.
*97 Appellants correctly urge that a common law way of necessity cannot exist across land which had no access to a public road in existence at the time the property was divided by a common grantor. Florida Power Corp. v. Scudder, 350 So.2d 106 (Fla. 2d DCA 1977), cert. denied, 362 So.2d 1056 (Fla.1978), appeal dismissed, 439 U.S. 922, 99 S.Ct. 303, 58 L.Ed.2d 315 (1978); Hanna v. Means, 319 So.2d 61 (Fla. 2d DCA 1975). Although a public road existed at the time the instant suit was brought, there was no evidence that this road or any other public road accessible from appellants’ property was in existence while appellants’ and ap-pellee’s property were titled in a common owner. The judgment of the trial court must therefore be reversed.
REVERSED.
OTT and RYDER, JJ., concur.