No. 14852

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

LARRY A. MICHAELSON and SYLVIA
MICHAELSON, husband and wife,

                    Plaintiffs and Respondents,

        vs.

CALLIS WARDELL,

                    Defendant and Appellant.

---

Appeal from:   District Court of the First Judicial District,
               Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

        For Appellant:

            Small, Hatch and Doubeck, Helena, Montana

        For Respondents:

            Robert T. Cummins, Helena, Montana
            Jackson and Kelley, Helena, Montana

---

                        Submitted on briefs: November 14, 1979

                                    Decided: JAN 11 1980

Filed: JAN 11 1980

_Thomas J. Kearney_
                            Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This appeal is from a summary judgment in favor of the respondents who alleged they were entitled to a permanent easement over appellant's land by operation of law. Both parties filed motions for summary judgment. Pursuant to these motions, the District Court granted respondents an implied easement by reservation.

Appellant filed a motion with the District Court to alter and amend a portion of its order. No action was taken on this motion, and appellant brought this appeal.

Prior to 1969 appellant, as a principal stockholder of Cal-Mart Corp., was the owner of the land now owned by respondents. Also, prior to 1969, appellant built the house presently inhabited by respondents, and built and improved the access road presently in issue. This road traverses several hundred feet of appellant's property, enters respondents' property and becomes respondents' driveway. The road was built by appellant to serve the house on the property and also to serve part of appellant's fields.

In 1969 appellant conveyed the property presently owned by respondents to James and Grace Fournier. The conveyances were made by warranty deed and contained no easements. The roadway across appellant's property was used by the Fourniers to reach their property. Appellant also used this road to drive through the Fourniers' property to get to his fields.

The Fourniers conveyed the property to Mr. and Mrs. Greenfield. In 1972 the Greenfields conveyed the property to the respondents. This deed did not contain an express easement.

Although appellant had never given the respondents specific written or oral permission to use the access road, respondents used it continuously, with appellant's knowledge and cooperation from the time they purchased the property. The access road was and still is the only regularly used means of access to respondents' house.

Respondents used the road until March 1978. At that time appellant removed a cattleguard at the beginning of the access road on appellant's property and blocked the road with a concrete culvert. This was the first time appellant had ever interfered with respondents' or their predecessors' use of the access road. Appellant's action prompted respondents to bring this suit.

The District Court found that respondents did not have an easement by prescription because the use was permissive. The District Court did find, however, that respondents have an implied easement by reservation pursuant to section 70-20-308, MCA. It is this conclusion of law that forms the only issue for review by this Court.

Appellant contends the use of the roadway by respondents and their predecessors was entirely with appellant's consent and permission and was in the nature of a license, therefore, no easement of any kind would arise with respect to the use of the road. We disagree.

The District Court correctly found that, while respondents do not have a prescriptive easement, they have an implied easement by reservation over this road.

The controlling statute is section 70-20-308, MCA. It reads:

"Easements to pass with property. A transfer of real property passes all easements attached thereto <u>and</u> <u>creates</u> <u>in</u> <u>favor</u> <u>thereof</u> <u>an</u> <u>easement</u> <u>to</u> <u>use</u> <u>other</u> <u>real</u> <u>property</u> <u>of</u> <u>the</u> <u>person</u> <u>whose</u> <u>estate</u> <u>is</u> <u>transferred</u> <u>in</u> <u>the</u> <u>same</u> <u>manner</u> <u>and</u> <u>to</u> <u>the</u> <u>same</u> <u>extent</u> <u>as</u> <u>such</u> <u>property</u> <u>was</u> <u>obviously</u> <u>and</u> <u>permanently</u> <u>used</u> <u>by</u> <u>the</u> <u>person</u> <u>whose</u> <u>estate</u> <u>is</u> <u>transferred</u> <u>for</u> <u>the</u> <u>benefit</u> <u>thereof</u> <u>at</u> <u>the</u> <u>time</u> <u>when</u> <u>the</u> <u>transfer</u> <u>was</u> <u>agreed</u> <u>upon</u> <u>or</u> <u>completed</u>." (Emphasis added.)

This statute, in part, recites the common law principle that an easement is reserved when the dominant tenement is conveyed and a servient tenement is retained. Spaeth v. Emmett (1963), 142 Mont. 231, 383 P.2d 812, 816.

This statute, however, extends the common law and creates an easement, nonexistent prior to the conveyance, in cases where the property in question was "obviously and permanently" used by the grantor for the benefit of what becomes the dominant estate. McPherson v. Monegan (1947), 120 Mont. 454, 187 P.2d 542, 545.

In McPherson we upheld an implied easement of a road under section 70-20-308, MCA (then, §6865, Rev. Codes 1935), on facts not dissimilar to those presented here. "The facts in this case disclose an implied grant of easement which passed with the property under our statute (sec. 6865) and which arose out of the fact that Mrs. Samson sold land bounded in part by a road which had theretofore been continuously used by said grantor as a means of access to said land . . ." 187 P.2d at 545.

The facts in this case, as found by the District Court, reveal such an implied grant of easement. Appellant was the owner in common of his present property and respondents' present property. Before selling any of his property, appellant built the access road to serve the residence now owned by respondents. That road was continuously used by

respondents and their predecessors to serve the residence. The road was and still is the only means of access used by respondents and their predecessors. When appellant conveyed the property to the first grantees, the Fourniers, he created under the above statute a permanent easement for use of the roadway as an access to respondents' residence. The roadway is being used for the same benefit to respondents as it was to the original owner.

The requirements of the statute were met, McPherson v. Monegan, supra; Spaeth v. Emmett, supra; Godfrey v. Pilon (1974), 165 Mont. 439, 529 P.2d 1372; and, there were no genuine issues as to any material fact. The District Court acted properly in ruling the respondents have an implied easement by reservation in the road crossing appellant's property and in granting respondents' motion for summary judgment.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-5-