No. 81-498

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

LEE SCHMID and ALPHIE SCHMID,

Plaintiffs and Appellants,

vs.

JOSEPH RAYMOND McDOWELL et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
In and for the County of Flathead
Honorable James M. Salansky, Judge presiding.

Counsel of Record:

For Appellants:

Hash, Jellison, O'Brien & Bartlett, Kalispell, Montana
Kenneth O'Brien, Kalispell, Montana

For Respondents:

Astle and Astle, Kalispell, Montana
David Astle, Kalispell, Montana

---

Submitted on briefs: April 22, 1982

Decided: July 15, 1982

Filed: JUL 15 1982

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The plaintiffs appeal a judgment issued by the District Court of the Eleventh Judicial District, Flathead County, denying their claim for an implied reservation of right-of-way or way of necessity across defendants' land.

The facts were stipulated on appeal and, with reference to Exhibit 1 below, may be summarized as follows:



EXHIBIT I

A person named Junkins acquired title to Tract A (Schmid Tract) in 1908 and acquired title to Tract B (McDowell Tract) in 1940. In 1914 he bought and then sold Tract C (Mathiason Tract). In 1945, he sold Tract B to the predecessors in interest of the respondents (McDowells). That same year, the respondents' predecessors in interest built the road traversing Tract B.

In 1957 the appellants (Schmids) and a person named Hardinger purchased Tract A. In 1965, appellants purchased Hardinger's interest in Tract A and became its sole owners. No express right-of-way or other easement was reserved over the McDowell Tract.

When Junkins sold the McDowell and Schmid Tracts, they were both landlocked in that they were surrounded by state land or Burlington Northern (BN) land and there was no link to the county road without crossing state land.

When Junkins sold the McDowell Tract, a road known as King Creek Road existed east of the McDowell Tract. This road, however, neither adjoined nor traversed the McDowell or Schmid Tracts.

The dispute here centers around use of the road built by respondents' predecessors in interest in 1945. The District Court, based on the above facts, concluded as a matter of law that there was no implied reservation of a right-of-way or way of necessity over the McDowell Tract. The sole issue on review, then, is simply whether the District Court erred by concluding that appellants have no way of necessity across respondents' property.

Because both tracts originally owned by Junkins were landlocked with no access to a public road except across

state or BN lands, and because a way of necessity cannot be claimed over lands of a third party or a stranger in title, the District Court must be affirmed.

Appellants contend that it is "well settled" in Montana that if one conveys a part of his land so as to deprive himself of access to the remainder unless he goes across land sold, he has a way of necessity over the portion conveyed. Herrin v. Sieben (1912), 46 Mont. 226, 126 P. 223. Appellants argue that under this rule they have a way of necessity to the county road across both Tract B and the state land.

Respondents contend that a way of necessity, as an implied easement, must be in existence at the time the land is initially severed. Since the road was not built until after Junkins sold the property, respondents claim a way of necessity does not exist.

Neither party has correctly presented the definition of a "way of necessity." Respondents are correct in the sense that a "way of necessity" is a type of "implied easement." That does not necessarily mean, however, that a way of necessity must be in existence at the time of conveyance. A way of necessity is distinguished from other implied easements on the simple ground that it need not be in existence at the time of conveyance. See, 3 Powell on Real Property (1981), sections 410 and 411.

In the past, this Court has discussed an "implied reserved easement of necessity." Godfrey v. Pilon (1974), 165 Mont. 439, 529 P.2d 1372. In Godfrey, we stated that such an easement must be "open and visible" at the time of conveyance. 529 P.2d at 1376. In Godfrey, however, we were

discussing implied easements in general and not a "way of necessity" in particular, as recognized in Thisted v. Country Club Tower Corporation (1965), 146 Mont. 87, 405 P.2d 432.

Generally, a way of necessity is defined as follows: "[w]here an owner of land conveys a parcel thereof which has no outlet to a highway except over the remaining lands of the grantor or over the land of strangers, a way of necessity exists over the remaining lands of the grantor." Finn v. Williams (1941), 376 Ill. 95, 33 N.E.2d 226, 228; see also, 25 Am.Jur.2d Easements, section 34 et seq.; 3 Powell on Real Property (1981), section 410. Similarly, a way of necessity is found when the owner of lands retains the inner portion conveying to another the balance, across which he must go for exit and access. Powell, supra, section 410. The easement itself arises at the time of conveyance, i.e., when the necessity to have access to the outside world arises. Unlike other implied easements, it is therefore well settled that a way of necessity need not be in existence at the time of conveyance since the necessity does not arise prior to that time.

Appellants' argument, nevertheless, cannot succeed because they are claiming a way of necessity not only across the portion conveyed but also across state land.

An important prerequisite to the creation of a way of necessity is that the tracts over which the easement is claimed must have been held by one person at one time. Montana Wilderness Association v. United States Forest Service (D. Mont. 1980), 496 F.Supp. 880. This "common ownership" or "unity of title" must have existed immediately

-5-

prior to the severance giving rise to the necessity. Powell, supra, section 410; 25 Am.Jur.2d Easements, section 35; and for list of cases see 94 A.L.R.3d 502, sections 9-12.

As a corollary to the requirements of common ownership, most courts have held that a way of necessity can only arise out of the land granted or reserved by the grantor and never out of the land of a third party or a stranger to the title. See, e.g., Zimmerman v. Summers (1975), 24 Md.App. 100, 330 A.2d 722; Robertson v. Robertson (1973), 214 Va. 76, 197 S.E.2d 183. Here, the land now owned by the State of Montana was not part of the original land owned by Junkins and, therefore, not under "common ownership" or "unity of title." On this ground alone, appellants' claim for the way of necessity must fail.

Moreover, it has also been held that a way of necessity cannot exist across land which had no access to a public road when the property was divided by the common grantor. Griffin v. North (Fla.App. 1979), 373 So.2d 96. The rationale of this rule was expressed well in Daywalt v. Walker (1963), 217 Cal.App.2d 669, 31 Cal.Rptr. 899, 903:

> ". . . If two parcels joined and temporarily constituting one are both landlocked, an essential condition for the creation of a way of necessity is nonexistent, because if both parcels are cut off from a public road, the basic reason for the creation of a way of necessity, namely, to permit communication with the outside world, is not present."

Here, both the Schmid and McDowell Tracts were land-locked when Junkins owned them. Both parcels were cut off from the public road. After the selling of the Mathiason Tract in 1914, Junkins himself had no access to a public road and presumably had to cross state or BN land to reach his landlocked land. As in Daywalt, the basic reason for a

way of necessity was not present at the time Junkins conveyed Tract B to the McDowells' predecessors in interest.

The District Court's denial of the way of necessity is therefore affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices