No. 82-234

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

BEVERLY J. PETERS,

Plaintiff and Appellant,

vs.

EDWARD G. JOHNSON and
HELEN L. JOHNSON, Husband
and Wife,

Defendants and Respondents.

_____

Appeal from:  District Court of the Sixth Judicial District,
              In and for the County of Park
              Honorable Jack Shanstrom, Judge presiding.

Counsel of Record:

    For Appellant:

        Jon A. Oldenburg, Lewistown, Montana

    For Respondents:

        Kent Douglas, Livingston, Montana

_____

Submitted:  February 3, 1983

Decided:  March 10, 1983

Filed:  MAR 10 1983

_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Peters appeals from the judgment of the District Court holding Peters is not entitled to an easement across Johnsons' property.

Peters owns land in Park County, near Livingston, Montana. In the summer of 1979, Peters began negotiating with the Johnsons for the sale of the land consisting of 26.040 acres. Initially, E. L. Johnson was to purchase a parcel of about twenty acres while his father E. G. Johnson was to purchase a parcel of about six acres. Through the six-acre parcel into the twenty-acre parcel runs a strip of land which served as a road prior to 1922. Witnesses testified the road was the main link between Livingston and Wilsall until a new highway was built in 1922. All parties agree the outline of the old road is still visible across the land but that it has not been used as a road for a long period of time prior to this action.

After negotiations with E. L. Johnson broke down, E. G. Johnson agreed to purchase the six-acre tract from Peters. In September 1979, E. G. Johnson paid Peters $400 in earnest money. When E. L. and E. G. Johnson were planning to purchase the two parcels of land, Peters was not concerned with the necessity of an easement through the six-acre plot to the twenty-acre plot. After E. L. Johnson decided not to purchase the twenty acres, Peters added a 30-foot road easement to the original cloth print plat of the property and filed the plat with the clerk and recorder's office. The easement is where the old Wilsall road crossed the six-acre parcel. There is no other present access to the twenty-acre tract.

On October 17, 1980, the Peters and the Johnsons met in the office of Peters' attorney and executed an agreement to sell and purchase. The description of real property contained the phrase: "Subject to an existing easement thirty feet in width." Johnsons' testified they signed the agreement with the

understanding that if the strip of land had not actually been a county road, there would be no "existing easement" which the property would be "subject to." Peters and their attorney testified they had not reached such an agreement with the Johnsons prior to signing the contract. Evidence introduced at the District Court hearing showed the strip of land was not recorded as a county road nor was an easement recorded prior to this action.

On April 6, 1981, Peters filed a complaint against the Johnsons seeking, among other things, specific performance of the agreement to sell and purchase which contained the easement clause. On May 14, 1982, the District Court entered its findings of fact and conclusions of law and held Johnsons are entitled to a deed to the property free of any easements. Peters appeals.

The substance of the issues raised on appeal is whether the District Court erred in ruling that there was no easement in existance on October 17, 1980, and that Johnsons are entitled to a deed to the property free of any such purported easement.

Peters claims she is entitled to an implied reservation of easement through the six-acre tract. She relies upon section 70-20-308, MCA:

> "A transfer of real property passes all easements attached thereto and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred for the benefit thereof at the same time when the transfer was agreed upon or completed."

Johnsons claim Peters is not entitled to an easement because there was no easement existing at the time they executed the agreement to sell and purchase. This Court first recognized an implied reservation of easement in Thirsted v. Country Club Tower Corporation (1965), 146 Mont. 87, 405 P.2d 432. Since that time the doctrine has become well established in Montana. One type of implied easement is a "way of necessity." This Court discussed way of necessity in Schmid v. McDowell (1982), _____ Mont. _____, 649 P.2d 431, 433, 39 St.Rep. 1313:

> "Generally a way of necessity is defined as follows: '[w]here an owner of land conveys a parcel thereof which has no outlet to a highway except over the remaining lands of the grantor or over the land of strangers, a way of necessity exists over the remaining lands of the grantor.' Finn v. Williams (1941), 376 Ill. 95, 33 N.E.2d 226, 228; see also, 25 Am.Jur.2d Easements, section 34 et seq.; 3 Powell on Real Property (1981), section 410. Similarly, a way of necessity is found when the owner of lands retains the inner portion conveying to another the balance, across which he must go for exit and access. Powell, supra, section 410. The easement itself arises at the time of conveyance, i.e., when the necessity to have access to the outside world arises. Unlike other implied easements, it is therefore well settled that a way of necessity does not arise prior to that time." (Emphasis supplied.)

Here, Johnsons claim their understanding at the time of executing the agreement was only if there was an existing county road would Peters be granted an easement. Unfortunately for Peters, their belief that the visible roadway had been a recorded county road was in error. However, as stated above, the way of necessity arose at the time of conveyance and whether there actually was an existing easement is irrelevant.

Judgment of the District Court is reversed and remanded to enter judgment in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -