No. 98-057

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 300

ALBERT G. HOYEM TRUST, ANDREW HOYEM,

JOHN HOYEM, and ANNA FITZGERALD,

Successors and Co-Trustees,

Plaintiffs and Appellants,

v.

ERROL T. GALT and SHARRIE GALT,

Defendants and Respondents.

APPEAL FROM: District Court of the Fourteenth Judicial District,

In and for the County of Meagher,

The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Blair Jones, Jones Law Firm; Columbus, Montana

For Respondents:

John P. Poston; Harrison, Loendorf, Poston & Duncan, P.C.;

Helena, Montana

Submitted on Briefs: June 11, 1998

Decided: December 8, 1998

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. The plaintiffs, Andrew Hoyem and Anna Fitzgerald, filed suit on behalf of the Albert G. Hoyem Trust in the District Court for the Fourteenth Judicial District in Meagher County against Errol T. Galt and Sharrie Galt to judicially establish in Hoyem Trust's favor an unrestricted easement or way of necessity over and across certain real property owned by Galts. Both parties filed motions for summary judgment. The District Court denied Hoyem Trust's motion and granted Galts' motion. Hoyem Trust appeals the District Court's order and judgment. We affirm the judgment of the District Court.**

**¶2. The issues on appeal are as follows:**

**¶3. 1. Did the District Court err when it concluded that Hoyem Trust has an implied easement from existing use, rather than an implied easement by necessity?**

**¶4. 2. What is the extent or scope of an easement by necessity?**

**¶5. 3. Does the doctrine of laches apply to claims for an easement by necessity?**

**¶6. Because our resolution of Issue 1 is dispositive, we decline to address Issues 2 or 3.**

## FACTUAL BACKGROUND

**¶7. Andrew Hoyem, John Hoyem, and Anna Fitzgerald are co-trustees of the Albert G. Hoyem Trust and the heirs and successors of Albert G. Hoyem. The trust is the owner of real property located in Meagher County, Montana.**

**¶8. Errol T. Galt and Sharrie Galt are the owners of real property adjacent to the northern boundary of the Hoyem Trust property.**

**¶9. On July 8, 1938, Andrew Hoyem transferred the entire property at issue in this action, which includes both Galts' and Hoyem Trust's parcels, to Hoyem Ranch**

Company. The Hoyem Ranch Company was eventually dissolved and, on July 1, 1944, the real property owned by the ranch was simultaneously conveyed, roughly in thirds, to Andrew Hoyem's sons; Albert Hoyem, Morris Hoyem, and George Hoyem. Albert Hoyem received the real property now owned by the Hoyem Trust. Morris Hoyem received the real property now owned by the Galts.

¶10. In 1949, Albert and Morris paid for and erected a fence that separates the two tracts at issue. According to the trustees of the Hoyem Trust, the two brothers also erected a gate in the fence where the fence intersected the road historically used to access Albert's property. Morris subsequently sold his property to the Galts' predecessors in interest, while Albert retained ownership of his property and leased it to neighbors. Finally, in a grant deed dated October 7, 1977, Albert transferred his interest in the real property to the Albert G. Hoyem Trust.

¶11. When the Hoyem Ranch Company owned the entire tract of land, the road in question was in existence and serviced the areas of the tract now owned by the Galts and Hoyem Trust. According to Hoyem Trust, it was clear to both Morris and Albert that an easement existed for Albert's property prior to Hoyem Ranch Company's conveyance of the tracts and conveyance to the brothers "because there was no other access but the one their father [Andrew Hoyem] had used." Hoyem Trust further admits that "the brothers then memorialized the easement by placing a gate in the fence between their property exactly where the road used to access Albert's property ran."

¶12. Hoyem Trust maintains that the Hoyem family has since used the road which runs from its junction with a state secondary highway (294) through the Galts' property for access to the Hoyem Trust property. Hoyem Trust further asserts that the Hoyems have an unrestricted easement by necessity over the Galts' property, the scope of which, Hoyem Trust contends, should be completely unrestricted.

¶13. Galts contend that Hoyem Trust does not have an easement by necessity because it cannot show the requisite strict necessity for that type of easement.

¶14. Following cross-motions for summary judgment, oral argument, and a review of the parties' briefs, pleadings, and discovery documents, the District Court denied Hoyem Trust's motion for partial summary judgment and concluded that Hoyem Trust possesses an implied easement from existing use over Galts' property and is

entitled to summary judgment on that issue. The District Court further concluded that the easement by implication over Galts' land must be restricted to its historical use and the nature of the enjoyment by which it was acquired.

## STANDARD OF REVIEW

¶15. We review a district court's order granting summary judgment *de novo*. *See Mead v. M.S.B., Inc.* (1994), 264 Mont, 465, 470, 872 P.2d 782, 785. When we review a district court s grant of summary judgment, we apply the same criteria considered by the district court. *See Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.

## DISCUSSION

¶16. Did the District Court err when it concluded that Hoyem Trust has an implied easement from existing use, rather than an implied easement by necessity?

¶17. An easement by implication is created by operation of law at the time of severance, rather than by written instrument. *See Big Sky Hidden Village Owners Ass'n v. Hidden Village, Inc*. (1996), 276 Mont. 268, 277, 915 P.2d 845, 850. There are only two types of implied easements: (1) an intended easement based on a use that existed when the dominant and servient estates were severed, and (2) an easement by necessity.

### Implied Easement by Necessity

¶18. We have defined an easement by necessity as follows:

[w]here an owner of land conveys a parcel thereof which has no outlet to a highway except over the remaining lands of the grantor or over the land of strangers, a way of necessity exists over the remaining lands of the grantor. Similarly, a way of necessity is found when the owner of lands retains the inner portion conveying to another the balance, across which he must go for exit and access.

*Big Sky Hidden Village Owners Ass'n, 276 Mont. at 277, 915 P.2d at 850 (quoting Schmid v. McDowell (1982), 199 Mont. 233, 237, 649 P.2d 431, 433). We have set forth two basic elements of an easement by*

*necessity: (1) unity of ownership, and (2) strict necessity at the time the unified tracts are separated. See Graham v. Mack (1984), 216 Mont. 165, 175, 699 P.2d 590, 596. A right-of-way by absolute necessity is created by implied grant over the remaining lands of the seller when the owner of a tract of land sells a part of the tract that has no outlet to a public road except over the other lands of the seller. See generally Graham, 216 Mont. 165, 699 P.2d 590.*

**¶19. In *Graham*, we explained the relationship of an easement by necessity to easements by implication. We held that:**

An easement by necessity is a sub-species of implied easements. They are distinguished in the sense that implied easements are based upon a contract that is "open and visible at the time of conveyance," *Godfrey v. Pilon* (1974), 165 Mont. 439, 446, 529 P.2d 1372, 1376. A way of necessity depends solely upon "strict necessity" at the time of conveyance and is, in that sense, more truly an implied use. *State v. Cronin,* 179 Mont. at 488, 587 P.2d at 399-400. The way of necessity arises when the strong public policy "against shutting off a tract of land and thus rendering it unusable" gives rise to a fictional intent defeating any such restraint, 2 *Thompson on Real Property* (1980 ed.) Sec. 351.

*Graham,* 216 Mont. at 175, 699 P.2d at 596.

**¶20. Hoyem Trust contends that because both required elements were established by the undisputed facts in this case the District Court erred when it concluded that Hoyem Trust does not have an implied easement by necessity.**

**¶21. The first element, common ownership, Hoyem Trust contends, is conclusively established by the affidavit testimony of abstractor, James M. Johnson, premised upon his examination of the records of Meagher County, in which he concludes that, prior to severance in July 1944, the property of Hoyem Trust and the property of Galt were both held in common ownership by Hoyem Ranch Company. Hoyem Trust contends that the second element, strict necessity, is established by the public record which clearly indicates that, at the time of severance of the Hoyem Ranch Company properties, all property adjacent thereto was held or owned by third parties who were strangers in title to the common owner, Hoyem Ranch Company. Hoyem Trust maintains that pursuant to our decision in *Graham*, wherein we held that a "way [of necessity] granted must be over the grantor's land, and never over the land of a third party or stranger to the title," *Graham*, 216 Mont. at 175, 699 P.2d at 596-97, the only access to the public road from the property conveyed to Albert**

Hoyem, Hoyem's predecessor-in-interest, was across property conveyed to Morris Hoyem, Galts' predecessor-in-interest.

## Implied Easement from Existing Use

¶22. The second type of implied easement, an easement implied from existing use, arises only if, prior to the time the title or tract is divided, a use exists on the "servient part" that is reasonably necessary for the enjoyment of the "dominant part," and a court determines that the parties intended the use to continue after division of the property. *See Graham,* 216 Mont. at 174, 699 P.2d at 596; *see also Woods v. Houle* (1988), 235 Mont. 158, 162, 766 P.2d 250, 253. This type of easement is sometimes called a "quasi-easement" before the tract is divided because an owner cannot hold an easement on his own land. *See Pioneer Mining Co. v. Bannack Gold Mining Co.* (1921), 60 Mont. 254, 263, 198 P. 748, 751.

¶23. For a use to give rise to an implied easement from existing use, it must be apparent and continuous at the time the tract is divided. *See Graham*, 216 Mont. at 174, 699 P.2d at 596. We have applied different standards to determine what is considered an "apparent and continuous use." In *Ruana v. Grigonis* (1996), 275 Mont. 441, 453, 913 P.2d 1247, 1255, we agreed with the appellant's argument that the respondents were required to produce evidence that showed "manifest, obvious, or permanent use" of the purported easement. In *Godfrey v. Pilon* (1974), 165 Mont. 439, 446, 529 P.2d 1372, 1375, however, we held that an easement is "apparent" when an "easement, path, 'roadway of sorts,' trail or 'primitive road' over the land" may be discovered upon reasonable inspection. While both definitions are accurate, we conclude that the requirement set forth in *Godfrey* that "an easement is apparent when it may be discovered upon reasonable inspection" is the minimum standard that must be met. *Godfrey,* 165 Mont. at 446, 529 P.2d at 1375.

¶24. Following our reasoning in *Godfrey*, an apparent easement need not be so formal as to be an improved, paved, or even graveled two-way road. As we stated in *Godfrey*, an apparent and continuous easement may be as simple as a path, "roadway of sorts," trail, or "primitive road." It is evident from Hoyem Trust's own description that prior to the severance and simultaneous conveyance of the parcels of land to the three brothers, a quasi-easement across Morris's parcel existed for Albert's parcel. According to Hoyem Trust, Morris and Albert's father, Andrew Hoyem, the owner of the Hoyem Ranch Company, used this road as the only access

to his land. Once the property was severed and conveyed to Morris and Albert, the brothers memorialized the easement by placing a gate in the fence between their property exactly where the road used to access Albert's property ran. In *Godfrey*, we held that "[t]he parties are presumed to contract with reference to the condition of the property at the time of the sale, provided the marks are open and visible." *Godfrey,* 165 Mont. at 445, 529 P.2d at 1375. The fact that Morris and Albert placed a gate across the easement indicates that they were aware of the existence of the easement and contracted with reference to the condition of the property at the time of the conveyance. This apparent and continuous use at the time the tract was divided distinguishes this case from our decision in *Kelly v. Burlington Northern Railroad Co.* (1996), 279 Mont. 238, 927 P.2d 4. Since the time of that conveyance, the easement has been regularly used by the Hoyem family.

¶25. In addition to the requirement that the use be apparent and continuous at the time the tract is divided, an implied easement from existing use must also have a use that is reasonably necessary for the enjoyment of the dominant parcel. *See Graham*, 216 Mont. at 174, 699 P.2d at 596. Reasonable necessity, in this case, is established by the affidavit testimony of abstractor, James M. Johnson, premised upon his examination of the records of Meagher County, that the public record indicates that at the time of severance of the Hoyem Ranch Company properties, all property adjacent thereto was held or owned by third parties who were strangers in title to the common owner, Hoyem Ranch Company. Therefore, the only access to the public road from the property conveyed to Albert Hoyem, Hoyem Trust's predecessor-in-interest, was by way of the easement across the property conveyed to Morris Hoyem, Galts' predecessor-in-interest. Section 1-3-213, MCA, requires that "[o]ne who grants a thing is presumed to grant also whatever is essential to its use."

¶26. An easement implied from existing use passes to all future owners of the property pursuant to the requirement in § 70-20-308, MCA, that a "transfer of real property passes all easements attached thereto and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used."

¶27. In *Michaelson v. Wardell* (1980), 186 Mont. 278, 607 P.2d 100, we upheld an implied easement from existing use pursuant to § 70-20-308, MCA, based on facts similar to those presented here. In that case we held:

The facts in this case, as found by the District Court, reveal such an implied grant of easement. Appellant was the owner in common of his present property and respondents' present property. Before selling any of his property, appellant built the access road to serve the residence now owned by respondents. That road was continuously used by respondents and their predecessors to serve the residence. The road was and still is the only means of access used by respondents and their predecessors. When appellant conveyed the property to the first grantees, the Fourniers, he created under the above statute a permanent easement for use of the roadway as an access to respondents' residence. The roadway is being used for the same benefit to respondents as it was to the original owner.

*Michaelson,* 186 Mont. at 281, 607 P.2d at 101.

**¶28. Based on the foregoing facts supported by the public record and the admissions of the parties, Montana law regarding implied easements establishes conclusively that an easement implied from existing use, not an implied easement by necessity, exists in favor of Hoyem Trust over and across Galts' property. We agree with Galts that the easement by necessity requirement of "strict necessity" did not exist at the time the property was severed in 1944 because a road existed which provided practical access to a public road for ingress and egress.**

**¶29. The presence of an implied easement from existing use necessarily defeats the strict necessity requirement of an easement by necessity. The critical distinction between the two types of implied easements, the existence of an apparent and continuous use of an easement which allows for ingress and egress at the time the tract is divided, is present in this case. Therefore, we conclude that the District Court did not err when it determined that Hoyem Trust holds an implied easement from existing use, rather than an implied easement by necessity.**

<u>Scope of Implied Easements</u>

**¶30. The extent and scope of an implied easement from existing use is determined by § 70-17-106, MCA, and § 70-20-308, MCA. Section 70-17-106, MCA, applies to implied grants of easements and provides that "[t]he extent of a servitude is determined by the terms of the grant or the nature of the enjoyment by which it was acquired." Section 70-20-308, MCA, applies to implied reservations of easements and**

**provides:**

A transfer of real property passes all easements attached thereto and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred for the benefit thereof at the time when the transfer was agreed upon or completed.

Pursuant to these statutes, the extent and scope of the easement over Galts' property is limited to its historical use at the time the easement was created.

**¶31. The scope of the easement is, therefore, limited to the uses the parties might reasonably have expected or anticipated. In this case, prior to severance and for over fifty years since, use of the easement has been limited to primarily agricultural and recreational purposes, and there is no evidence that the parties ever considered the easement to be unlimited in scope.**

**¶32. Accordingly, we conclude that the District Court did not err when it denied Hoyem Trust's motion for partial summary judgment and granted summary judgment pursuant to Rule 56, M.R.Civ.P., in favor of Galts. The District Court did not err when it found that Hoyem Trust has an implied easement from existing use, rather than an implied easement by necessity, and that the scope and extent of the easement is limited to agricultural and recreational purposes based on the historic use of the easement at the time of its creation.**

**¶33. The judgment of the District Court is affirmed.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER