No. 02-679

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 137

RONALD H. KULLICK and SUSAN J. KULLICK,

     Plaintiffs and Appellants,

   v.

SKYLINE HOMEOWNERS ASSOCIATION, INC., THEODORE O.
MAXWELL and COLLETTE MAXWELL, LYNN HELLMAN and
PATRICIA HELLMAN, RICK B. ROCHELEAU and KARLA L.
ROCHELEAU, DEBORAH A. PETERSON, JACQUELINE J. KEARNS,
JAMES H. WALSWORTH, BRUCE D. JONES and ROBERTA F.
JONES, EARL VERCRUYSSEN and BARBARA VERCRUYSSEN,
JAMES D. MILDENBERGER and ANN G. MILDENBERGER,
JUDITH V. STAUTER, CHARLES H. RECHT and ELIZABETH M.
RECHT, MICHAEL A. GRAY and DEBRA A. GRAY, TRUSTEES OF
THE 1998 GRAY FAMILY TRUST, dated August 19, 1998, GARY L.
SMITH and RACHEAL E. SMITH, BRETT G. MILDENBERGER and
KELLIE D. MILDENBERGER, JEFFREY S. JOHNSON and ROBIN L.
JOHNSON, PASQUALE A. SANTARONE, HAROLD MILDENBERGER,
ART A. GUSSA and BETTY I. GUSSA, as trustees of the Art A. and
Betty I. Gassa Family Revocable Living Trust U/A/D February 4, 1997,

     Defendants and Respondents.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                   In and For the County of Ravalli, Cause No. DV-98-164,
                   Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

     For Appellants:

          Jeffrey B. Hays, Hays and Hayes, Hamilton, Montana

     For Respondents:

          Martin S. King, Worden, Thane & Haines, Missoula, Montana

                        Submitted on Briefs:  January 23, 2003
                                  Decided:  May 12, 2003

Filed:

_____
                             Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Ronald and Susan Kullick appeal from the opinion and order of the Twenty-First Judicial District Court, Ravalli County, granting summary judgment to Skyline Homeowners Association. We affirm.

¶2 The following issues are raised on appeal:

¶3 (1) Whether the District Court correctly determined that the Kullicks do not have an implied easement by existing use over Skyline Drive;

¶4 (2) Whether the District Court correctly determined that the Kullicks do not have an implied easement by necessity over Skyline Drive; and

¶5 (3) Whether Skyline Homeowners Association is entitled to costs and attorney fees pursuant to Rule 32, M.R.App.P.

FACTUAL AND PROCEDURAL BACKGROUND

¶6 This appeal concerns the Kullicks' claim that they hold an easement for ingress and egress over and across Skyline Drive, a road located in the Skyline Development east of Hamilton. Defendant and Respondent, Skyline Homeowners Association, is a corporation vested with authority over roads within the development.

¶7 In 1973, Harold and Marilyn Mildenberger purchased several hundred acres of ranch land from a Mr. Mahoney. The Mildenbergers then sold a 216-acre section of the property to Dee Shook and James Mildenberger. Shook and Mildenberger used the property to create the Skyline Development, a residential development that currently consists of 24 tracts. The development is bordered to the north by a state highway, to the east by the Ward Ranch, and

2

to the west by the Arrowhill Ranch. The Ward and Arrowhill ranches are the remaining parcels owned by the Mildenbergers.

¶8 In 1991, the Mildenbergers sold approximately 13 acres of the Ward Ranch to the Kullicks on a contract for deed. The northwest corner of the Kullicks' property terminates at the southeast corner of the Skyline Development. Skyline Drive ends at a cul de sac located at this junction. The Kullicks access Skyline Drive at the cul de sac and use Skyline Drive to access the state highway. In 1994, the Kullicks and the Skyline Homeowners Association entered into a one-year revocable license agreement, under which the Kullicks were permitted to use Skyline Drive for residential ingress and egress to their property for consideration of $100. The Kullicks executed one-year renewals of the license in 1995 and 1996. The license expired in 1997.

¶9 The Kullicks' contract for deed contains a clause, which provided for the creation, by the Mildenbergers, of an alternative access route to the Kullicks' property in the event that the Kullicks' access to Skyline Drive was lawfully challenged and terminated within six years of the date of the contract. This guarantee expired in 1998. Currently, there are several dirt roads connecting the Kullicks' property to the Ward Ranch and the ranch to the state highway.

¶10 Skyline Homeowners Association sued the Mildenbergers in 1994, claiming that the Mildenbergers did not have an easement to use Skyline Drive as a matter of law. Although the Kullicks were also using Skyline Drive pursuant to the license agreement, they were not named as defendants in the suit. In 1996, the Twenty-First Judicial District Court, Ravalli

3

County, held that no express or reserved easement existed, and permanently enjoined the Mildenbergers from using Skyline Drive.

¶11 Following the expiration of their license agreement in 1997, the Kullicks sued the Homeowners Association, claiming that they were the owners of an easement for ingress and egress over Skyline Drive by virtue of written grant, necessity, and/or estoppel. The Homeowners Association filed an answer and counterclaim, requesting a declaratory judgment that the Kullicks did not have an easement to use Skyline Drive. Following subsequent filings, the Homeowners Association moved for summary judgment on grounds that the Kullicks' action was barred under the doctrines of res judicata and collateral estoppel by the District Court's 1996 judgment against the Mildenbergers, in which the court determined that the Mildenbergers did not have an easement over Skyline Drive. In addition, the Association argued that the Kullicks' various theories for the existence of an easement were without merit. The Kullicks filed a response and argued that the doctrines of res judicata and collateral estoppel were irrelevant, and that the existence of an easement was supported by substantial evidence.

¶12 The District Court granted the Association's motion and dismissed the Kullicks' easement claim. The court also permanently enjoined the Kullicks from using Skyline Drive. The Kullicks appeal from that portion of the judgment dismissing their claim for an implied easement.

4

STANDARD OF REVIEW

¶13    The standard of review for a grant of summary judgment is *de novo*. This Court will apply the same evaluation as the trial court under Rule 56, M.R.Civ.P. The moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Gonzales v. Walchuk*, 2002 MT 262, ¶ 9, 312 Mont. 240, ¶ 9, 59 P.3d 377, ¶ 9. Once the moving party has met its burden, the opposing party must, in order to raise a genuine issue of material fact, present substantial evidence essential to one or more elements of its case rather than mere conclusory or speculative statements. *Gonzales*, ¶ 9. In addition, our standard of review of a question of law is whether the trial court's legal conclusions are correct. *Gonzales*, ¶ 9.

DISCUSSION

Issue One

¶14    First, we consider whether the Kullicks have an implied easement by existing use over Skyline Drive. We conclude that under the doctrines of res judicata and collateral estoppel, the Kullicks' claim that such an easement exists is barred because this issue was litigated and ultimately resolved by the District Court in the 1994 action between Skyline Homeowners Association and the Mildenbergers.

¶15    In *Hoyem Trust v. Galt*, 1998 MT 300, ¶ 22, 292 Mont. 56, ¶ 22, 968 P.2d 1135, ¶ 22, we stated that "an easement implied from existing use, arises only if, prior to the time the title or tract is divided, a use exists on the 'servient part' that is reasonably necessary for the enjoyment of the 'dominant part,' and a court determines that the parties intended the use to

5

continue after division of the property." We noted that "[f]or a use to give rise to an implied easement from existing use, it must be apparent and continuous at the time the tract is divided." *Hoyem Trust*, ¶ 23.

¶16     The District Court rejected the Kullicks' claim for an implied easement by existing use on grounds that the issue was litigated in the prior action brought by Skyline Homeowners Association against the Mildenbergers in 1994, and that the Kullicks' claim was, therefore, barred by the doctrines of res judicata and collateral estoppel. According to the court, the Kullicks' proposed implied easement by existing use could only have existed if the Mildenbergers had established, in 1994, that an easement existed over Skyline Drive for their own benefit. The Mildenbergers, however, were unsuccessful in their attempt to establish such an easement in 1994.

¶17     Res judicata and collateral estoppel are based on a judicial policy favoring a definite end to litigation. *Rausch v. Hogan*, 2001 MT 123, ¶ 14, 305 Mont. 382, ¶ 14, 28 P.3d 460, ¶ 14. Res judicata bars a party from relitigating a matter that the party has already had an opportunity to litigate. *Olson v. Daughenbaugh*, 2001 MT 284, ¶ 22, 307 Mont. 371, ¶ 22, 38 P.3d 154, ¶ 22. Res judicata applies if the following four elements have been satisfied: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; and (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them. *Hall v. Heckerman*, 2000 MT 300, ¶ 13, 302 Mont. 345, ¶ 13, 15 P.3d 869, ¶ 13.

¶18 Collateral estoppel is a form of res judicata, and bars the reopening of an issue that has been litigated and resolved in a prior suit. *Finstad v. W.R. Grace & Co.*, 2000 MT 228, ¶ 28, 301 Mont. 240, ¶ 28, 8 P.3d 778, ¶ 28. Collateral estoppel has three elements: (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; and (3) the party against whom the plea is now asserted was a party or in privity with a party to the prior adjudication. *Finstad*, ¶ 28.

¶19 The Kullicks' claim for an implied easement by existing use is derivative of the Mildenbergers' 1994 easement claim. The Kullicks continue to argue that Skyline Drive was the existing access between the state highway and the Ward Ranch at the time they acquired their lot from the Mildenbergers. The Kullicks maintain that they can use Skyline Drive because the Mildenbergers intended for use of the road to extend to the them. The validity of this theory depends entirely upon the legitimacy of the Mildenbergers' use of Skyline Drive–an issue litigated in 1994 and resolved in Skyline Homeowners Association's favor by the District Court in 1996. We conclude that the Kullicks are attempting to raise an issue previously adjudicated and conclusively resolved adversely to Mildenbergers, their predecessors in interest. Accordingly, the Kullicks' claim is barred by the doctrines of res judicata and collateral estoppel.

Issue Two

¶20 We next consider whether the Kullicks have an implied easement by necessity over Skyline Drive. We conclude that because there was no unity of ownership of the parcel sold

7

to the Kullicks and the property on which the proposed easement exists, the Skyline Development, the Kullicks do not have an implied easement by necessity over Skyline Drive.

¶21 As *Hoyem* indicates, an easement by necessity may exist under the following circumstances:

> [w]here an owner of land conveys a parcel thereof which has no outlet to a highway except over the remaining lands of the grantor or over the land of strangers, a way of necessity exists over the remaining lands of the grantor. Similarly, a way of necessity is found when the owner of lands retains the inner portion conveying to another the balance, across which he must go for exit and access.

*Hoyem Trust*, ¶ 18 (citations omitted).

¶22 *Hoyem* also set forth the following basic elements of an easement by necessity as (1) unity of ownership, and (2) strict necessity at the time the unified tracts are separated. *Hoyem*, ¶ 18. Thus, "[a] right-of-way by absolute necessity is created by implied grant over the remaining lands of the seller when the owner of a tract of land sells a part of the tract that has no outlet to a public road except over the other lands of the seller." *Hoyem Trust*, ¶ 18.

¶23 In the present case, the District Court rejected the Kullicks' argument and concluded that even if Skyline Drive currently provides the only outlet to the state highway from the Kullicks' property, the easement claimed by the Kullicks–to use Skyline Drive–runs across property not owned by the the Kullicks' grantors, the Mildenbergers. According to the court, there was no common ownership of the Skyline Development (the potential servient tenement) and that portion of the Mildenbergers' property sold to the Kullicks (the potential dominant tenement) prior to the Kullicks' purchase in 1991.

8

¶24    On appeal, the Kullicks maintain that, for purposes of determining whether unity of ownership existed, the relevant severance occurred not in 1991 when the Mildenbergers sold a portion of the Ward Ranch to the Kullicks, but in 1973 when the Mildenbergers sold that parcel on which the Skyline Development in now located.  According to the Kullicks, this 1973 severance is the "key event giving rise to [the] Kullicks' claim."  The Kullicks contend that the implied easement by necessity was created at that time between the Skyline Development and the property retained by the Mildenbergers.  They note that prior to 1973, a roadway existed across the Skyline property that provided access to the Mildenbergers' property, including that portion later sold to the Kullicks.  This roadway, now Skyline Drive, was used by the Mildenbergers to access their property.  The Kullicks assert that the roadway was "readily apparent to anyone viewing the property . . . and was obviously being used to access the western portion of the Mildenbergers' ranch for numerous years . . . ."  They also contend that the Mildenbergers intended to preserve an easement for their remaining property, including the future Kullick parcel.  They conclude that this implied easement passed to future owners of parcels severed from the Ward Ranch, including their parcel.

¶25    The Kullicks' argument demonstrates a fundamental misunderstanding of the unity of ownership requirement of an implied easement by necessity.  The Kullicks suggest that the concept of an implied easement by necessity is broad enough to apply not only between the grantee claiming an easement and his grantor when the grantor retains the potential servient tenement, but also between the grantee and a third party to whom the grantor already conveyed the potential servient tenement.  As Skyline Homeowners Association observes,

9

this proposition contradicts the general rule that the creation of an implied easement by necessity requires that the easement be granted over the *grantor's land*, and never over the land of a third party or stranger to the title. *Schmid v. McDowell* (1982), 199 Mont. 233, 238, 649 P.2d 431, 433.

¶26    The Kullicks fail to distinguish *Schmid*. In *Graham v. Mack* (1985), 216 Mont. 165, 175, 699 P.2d 590, 596-97, we affirmed *Schmid* and rejected the very argument raised by the Kullicks in the present case. *Graham* involved circumstances similar to those presented here. Graham purchased a lot from Collingson, which contained a railroad grade that could have provided access from Collingson's remaining lots to a nearby highway. At the time of the sale, Graham requested assurances from Collingson that the grade would not be used as an access route between the highway and Collingson's other lots. In addition, Graham placed obstructions, including a fence and several logs across the grade to prevent its use. Several years later, Collingson sold one of his remaining lots to Mack, who then removed the fence erected by Graham, and began using Graham's lot to access the highway. *Graham*, 216 Mont. at 168-70, 699 P.2d at 591-93. When Graham sued Mack to quiet title, Mack argued that an implied easement by necessity existed over Graham's property. *Graham*, 216 Mont. at 175, 699 P.2d at 596. We determined that no such easement existed because Mack had failed to make the requisite showing of unity of ownership. *Graham*, 216 Mont. at 176, 699 P.2d at 597. This conclusion was based, in part, on the fact that Graham was "a complete stranger" to the title obtained by Mack from Collingson. *Graham*, 216 Mont. at 176, 699 P.2d at 597. At the time Mack purchased his lot, Collingson did not have the power to grant

10

Mack an easement over the lot Collingson had sold to Graham years before. *Graham*, 216 Mont. at 176, 699 P.2d at 597.

¶27    *Graham* applies in the present case, where the Kullicks' argument for an implied easement by necessity assumes that there was unity of ownership. Their argument fails because such an easement requires unity of ownership of the servient and dominant tenements by the grantor *at the time of the grant*. The District Court appropriately reasoned that because the Kullicks' parcel was not severed from the Skyline Development, but from the remaining portion of the Ward Ranch owned by the Mildenbergers, there was no unity of ownership of the proposed respective servient and dominant tenements at the time of that severance. The Skyline Development and its owners were complete strangers to the 1991 conveyance between the Mildenbergers and the Kullicks. In the absence of unity of ownership of the servient and dominant tenements, there is no implied easement by necessity.

Issue Three

¶28    We finally consider whether Skyline Homeowners Association is entitled to costs and attorney fees. Rule 32, M.R.App.P., provides that "[i]f the supreme court is satisfied from the record and the presentation of the appeal in a civil case that the same was taken without substantial or reasonable grounds, such damages may be assessed on determination thereof. . . ." Rule 32 sanctions may be appropriate if an appeal is "entirely unfounded and intended to cause delay . . . ." *Greenup v. Russell*, 2000 MT 154, ¶ 24, 300 Mont. 136, ¶ 24, 3 P.3d 124, ¶ 24.

¶29    The Homeowners Association argues that the Kullicks brought this appeal in bad faith, and for the sole purpose of perfecting a claim against the Mildenbergers. In light of the preceding discussion of the Kullicks' claims, we disagree. Although the Kullicks' arguments are unsound, there is no evidence that these arguments were made in bad faith. Neither does the Homeowners Association assert that the appeal is unfounded or that it was intended to cause delay. The Association only speculates as to the purpose of the appeal. Such speculation is insufficient grounds for awarding Rule 32 sanctions.

CONCLUSION

¶30    In summary, we conclude that the Kullicks' claim for an implied easement by existing use is barred under the doctrines of res judicata and collateral estoppel, and that their claim for an implied easement by necessity is not supported by a showing of unity of ownership. The Kullicks have not presented substantial evidence that they hold an implied easement over Skyline Drive, either by existing use or by necessity. Thus, the Kullicks have not raised a genuine issue of material fact, and have not satisfied their burden of opposing summary judgment. For these reasons, we affirm the District Court's grant of summary judgment in favor of Skyline Homeowners Association.

/S/ W. WILLIAM LEAPHART

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE