JUSTICE COTTER
specially concurs.
¶20 I concur in the result reached by the Court and agree that the District Court’s grant of summary judgment should be reversed. I write separately because I do not wholly agree with the Court’s rationale in reaching this decision
¶21 An easement by necessity has two required elements: (1) unity of ownership, and (2) strict necessity at the time the unified tracts are separated. To demonstrate unity of ownership, “the tract over which the easement is claimed must have been owned at some time by the same person holding title to the land that the easement would benefit.” Loomis v. Luraski, 2001 MT 223, ¶ 49, 306 Mont. 478, 36 P.3d 862. The Court concludes that unity of ownership cannot exist in this case *521 because the Dearborn River separates the Poole/Huber land from the Frame tract. I disagree with this conclusion for the simple fact that Frame is not seeking an easement across the Dearborn River. LDS owned all three parcels at one time and then severed them at a later date. Frame is only seeking an easement across the Poole/Huber tracts to the Dearborn River. He is not seeking an easement of necessity over state lands. Once Frame has an easement to the Dearborn River, he can then cross it in order to reach his land.
¶22 In this connection, I believe Schmid is distinguishable and the Court errs in relying upon it in this case. In Schmid, a claimant sought an easement across state-owned land and across the land of private landowners. The Court in Schmid correctly noted that a “way of necessity” in that case could not be claimed “over the lands of a third party or a stranger in title ....” Schmid, 199 Mont. at 236, 649 P.2d at 432. The claimants in that case argued that they had a way of necessity over private and state lands. Schmid, 199 Mont. at 236, 649 P.2d at 432. Here, Frame is not claiming an easement over state land, but merely claiming one to the river. Frame does not need an easement over the Dearborn River in order to lawfully access his land. The claimed easement of necessity would only burden the Poole or Huber tracts. Because there was unity of ownership among the Poole, Huber, and Frame tracts before LDS severed these parcels, I would conclude, as the District Court did, that the unity of ownership requirement has in fact been satisfied.
¶23 However, due to the timing of the severance of the property in this case, I cannot conclude that “strict necessity” for an easement over the Poole tract existed at the time of severance. As the Court stated in Albert G. Hoyem Trust v. Galt, 1998 MT 300, ¶ 18, 292 Mont. 56, 968 P.2d 1135, “[a] right-of-way by absolute necessity is created by implied grant over the remaining lands of the seller when the owner of a tract of land sells a part of the tract that has no outlet to a public road except over the other lands of the seller.” (Emphasis added.) LDS owned all three tracts at one time. In January 1971, LDS severed the Poole tract, and retained the other two. Once the Poole tract was severed from the other two, the remaining lands of LDS were the Huber and Frame tracts. At this point, LDS could use the Huber tract in order to reach the Dearborn River since the southern boundary of the Huber tract abuts the Dearborn. In August 1971, LDS severed the Huber tract from the Frame tract. At this point, the Frame tract actually became landlocked, or “riverlocked.” However, if an easement of necessity to reach the Dearborn River (and then presumably access *522 the Frame tract) could be said to exist at all in this case, it could exist only over the Huber tract due to the timing of the severances. That is because “[a] way of necessity depends solely upon ‘strict necessity’ at the time of conveyance ....” Hoyem Trust, ¶ 19. In other words, the existence of strict necessity is determined when land is severed or conveyed, and so the timing of the severance is a critical component in determining whether or not strict necessity exists. See also Wolf v. Owens, 2007 MT 302, ¶ 19, 340 Mont. 74, 172 P.3d 124.
¶24 Because the Poole tract was severed from the LDS lands at a point in time earlier than the severance of the Huber/Frame tracts, Frame’s claim for an easement by necessity over the Poole tract must fail as a matter of law. If an easement of necessity exists in this case, it could exist only over the Huber tract. Since Frame’s claim was for an easement over the Poole tract, I concur in the Court’s decision.