No. 90-083

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

FAY LARSON,

      Plaintiff and Respondent,

-v-

JACK UNDEM and LYDIA UNDEM,

      Defendants and Appellants.

---

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Raymond P. Tipp; Tipp, Frizzell & Buley; Missoula,
Montana

      For Respondent:

          Noel K. Larrivee; Larrivee Law Offices; Missoula,
Montana

---

Submitted on Briefs:  August 23, 1990

Decided:  November 8, 1990

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an action for breach of contract covering the sale of real estate. Defendants appeal from the judgment entered by the District Court for the Fourth Judicial District, Missoula County, granting plaintiff specific performance of the contract, surveying costs and attorney fees and emotional distress damages. We reverse the award of emotional distress damages and otherwise affirm the District Court.

The issues for our consideration are:

1. Whether Larson's claim is barred by the statute of limitations or laches?

2. Whether the District Court erred in awarding Larson emotional distress damages?

3. Whether the District Court erred in granting Larson specific performance of the contract?

In a bench trial, the District Court found the following facts which are supported by substantial evidence in the record: In June of 1972, plaintiff (Larson) entered into a written contract with defendants (Undems) whereby Larson sold Undems a parcel of land reserving seven acres of the parcel for Larson's personal use. The contract for deed and other necessary documents were prepared by Larson's attorney. Although Mr. Undem is not a licensed surveyor, the parties agreed that Mr. Undem would prepare the property description including the description of the seven acres reserved by Larson.

The parties together examined the land to be sold including the boundaries of the tract which Larson desired to reserve for herself. Mr. Undem then prepared the first description which was used in the preparation of the contract and deed. The first description was inaccurate. The description of the seven acre reservation contained land which was a part of the Burlington Northern Railroad (BN) right-of-way, and the metes and bounds description did not close. The District Court specifically found: "The legal description contained in the real property transfer documents . . . was supplied by Defendant Jack Undem" and "Larson relied upon the legal description provided by Undem when she executed the contract documents and Warranty Deed".

After the execution of the contract and deed, Larson discovered that the legal description was incorrect, and requested that Mr. Undem prepare a proper description. Mr. Undem acknowledged that the first description was incorrect. Mr. Undem obtained the help of an engineer to prepare the second description of the land. They referred to public records, Montana Highway plats and BN plats. They prepared a second description and made a diagram of that description, and delivered the same to Larson and her attorney. At that time none of the parties realized that the second description was incorrect because it still included a portion of the BN right-of-way and failed to accurately describe the reserved seven acre parcel.

In April or May of 1973, Larson and her sons measured the land and discovered that the second description was inaccurate and did

not encompass the property she reserved. Larson so informed Mr. Undem. Mr. Undem failed to prepare a third description. The District Court concluded: "Larson had at all times relied upon Undem to provide a valid legal description for the seven acre parcel of land which was reserved by her. Undems failure to provide such a legal descripton . . . constitutes a breach of said contract."

The contract also provided that Undems were not to sell or convey the property purchased from Larson without Larson's written consent. Nonetheless, on October 29, 1984, approximately 26 months before the last payment was made to Larson, Undems sold and conveyed the property purchased from Larson to a third party purchaser (Olsons). Undems did not obtain the required consent from Larson. In the Olson contract Mr. Undem used the second description which he knew to be incorrect. The District Court found that Mr. "Undem knew that the legal description contained in [the] contract was inaccurate and invalid and entered into the third-party contract with [such] knowledge."

The last payment on the Larson-Undems contract was made in December of 1986. The deed was obtained from escrow and recorded in January, 1987. Several months after receiving the last payment, Larson hired a surveyor to provide a legal description for the reserved land, at a cost of $700. In October 1987, Larson filed suit against Undems requesting specific performance of the contract; emotional distress damages; and sought to quiet title against the Olsons for her seven acres. She also requested her

4

costs and attorney's fees.

The District Court concluded that Undems breached the contract when they sold the property on October 29, 1984, without first obtaining the written consent of Larson. The court further found that the Undems breached the contract when they failed to provide an accurate legal description of the reserved seven acre tract. Undems appeal.

I

Whether Larson's claim is barred by the statute of limitations or laches?

Undems maintain that Larson's claims are barred by the statute of limitations. They raised this issue before the District Court in a motion for summary judgment. The District Court denied their motion. They argue that the statute of limitations started to run in 1973 when Larson discovered that the second legal description prepared by Mr. Undem was erroneous. They urge that by not immediately acting upon that discovery she waived any right to raise the claim later.

An action for breach of a written contract must be brought within eight years under § 27-2-202, MCA. A contract for deed has been construed as a contract in writing to which the eight year statute applies. Neils v. Deist (1979), 180 Mont. 542, 591 P.2d 652. The eight year statute of limitations begins to run when the cause of action accrues. McWilliams v. Clem (1987), 228 Mont. 297, 743 P.2d 577. We conclude that the first cause of action accrued on October 29, 1984, when the Undems contracted with the Olsons to

sell the property purchased from Larson using the second property description known by the Undems to be inaccurate, and also without first obtaining the written consent of Larson. We conclude that the action was brought by Larson within the eight year statute of limitations.

Undems also argue that Larson's cause of action was barred by laches. Laches exists where there has been an unexplainable delay of such duration or character as to render the enforcement of an asserted right inequitable, and is appropriate when a party is actually or presumptively aware of his rights but fails to act. Sperry v. Montana State Univ. (1989), 239 Mont. 25, 778 P.2d 895; Smithers v. Hagerman (Mont. 1990), ___ P.2d ___, 47 St.Rep. 1483. Undems sold the property without Larson's consent in October of 1984. The last payment on the contract was tendered in December of 1986 and Larson filed suit in October of 1987. We agree with the District Court conclusion that the facts do not demonstrate an inequitable delay on the part of Larson.

We affirm the District Court's holding that Larson's claim was not barred by either the statute of limitations or laches.

II

Whether the District Court erred in awarding Larson emotional distress damages?

The District Court awarded Larson $10,000 in emotional distress damages. Undems maintain that emotional distress damages are not recoverable in a contract action. They argue that contract damages allow the injured to receive the benefit of the bargain,

no more, no less. They urge that emotional distress damages are not damages within the reasonable contemplation of the parties at the time the contract was entered, and are therefore unrecoverable. Undems urge that there is not sufficient evidence to support a claim for emotional distress. They contend the only evidence was Larson's testimony that she lost sleep on some nights and was very upset.

Larson maintains that her repeated attempts to obtain the correct legal description of the reserved property, and the subsequent discovery that the property had been sold without her consent, caused her stress, anxiety and frustration. She contends that the amount of damages awarded her was reasonable under the circumstances.

It is important that we distinguish the present emotional distress claim in a breach of contract action from emotional distress damage claims in tort actions. Section 27-1-303, MCA, contains a limitation on damages for breach of obligation. It states:

> **27-1-303. Limitation of damages for breach of obligation.** No person can recover a greater amount in damages for the breach of an obligation than he could have gained by the full performance thereof on both sides unless a greater recovery is specified by statute.

By its wording this statute limits the recovery to the amount the plaintiff could have gained by full performance of the contract. That rule applies unless there is a greater recovery specified in some other statute.

Section 27-1-311, MCA, sets forth the key provisions with

regard to breach of contract:

> **27-1-311. Breach of contract.** For the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom. Damages which are not clearly ascertainable in both their nature and origin cannot be recovered for a breach of contract.

It is important that we also look at the same time at the damage section applying to obligations not arising from contract, which states:

> **27-1-317. Breach of obligation other than contract.** For the breach of an obligation not arising from contact, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.

We note that under § 27-1-317, MCA, for breach of an obligation not arising from contract, the measure is the amount which will compensate for all the detriment proximately caused, whether it could have been anticipated or not. This is the measure of damages to be used in a tort action. That tort measure of damages is to be distinguished from the measure under § 27-1-311, MCA, which provides that for a breach of contract a party may collect damages for all the detriment proximately caused thereby (which is similar to the wording in § 27-1-317) but contains the additional limitation that the detriment must in the ordinary course of things be likely to result therefrom and the damages must be clearly ascertainable in nature and origin. These code sections were not discussed in the lower court opinion. We have carefully reviewed the transcript to determine if there was a basis for emotional

8

distress damages.

We conclude that the evidence does not show that in the ordinary course of things, emotional distress damages were likely to result from the defendant's breach of contract. We further conclude that the evidence presented fails to establish that the emotional distress damages were clearly ascertainable in origin. We hold that the District Court erred in awarding Larson emotional distress damages.

## III

Whether the District Court erred in granting Larson specific performance of the contract?

Undems sold their land to Olsons in 1984. Larson did not file her complaint until 1987. Undems maintain that the District Court erred in granting specific performance because they cannot transfer title they no longer have.

Larson maintains that in a contract for deed legal title to the property remains vested in the sellers. Therefore, Larson contends that specific performance was proper. We agree.

Specific performance is an equitable remedy and is a matter of discretion for the District Court. Seifert v. Seifert (1977), 173 Mont. 501, 568 P.2d 155; Myhre v. Myhre (1976), 170 Mont. 410, 554 P.2d 276. Upon reviewing the record, we conclude the District Court did not abuse its discretion in granting specific performance. Therefore, we hold that the District Court correctly granted Larson specific performance.

We reverse the portion of the judgment granting emotional

distress damages to the plaintiff and affirm the balance of the judgment.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 90-083

FAY LARSON,

      Plaintiff and Respondent,

  -v-

JACK UNDEM and LYDIA UNDEM,

      Defendants and Appellants.

)
)   O R D E R
)

FILED '90 DEC 11 AM 11 49 ED SMITH, CLERK MONTANA SUPREME COURT

The defendants/appellants have filed a petition for rehearing and plaintiff/respondent has filed a response. After considering the same, we order that the following change be made in our opinion in this matter.

Delete the last paragraph on page 4 which reads as follows:

> The last payment on the Larson-Undems contract was made in December of 1986. The deed was obtained from escrow and recorded in January, 1987. Several months after receiving the last payment, Larson hired a surveyor to provide a legal description for the reserved land, at a cost of $700. In October 1987, Larson filed suit against Undems requesting specific performance of the contract; emotional distress damages; and sought to quiet title against the Olsons for her seven acres. She also requested her costs and attorney's fees.

The name "Undems" should have been used rather than "Olsons."

Replace the last paragraph on page 4 with the following:

> The last payment on the Larson-Undems contract was made in December of 1986. The deed was obtained from escrow and recorded in January 1987. Several months after receiving the last payment, Larson hired a surveyor to provide a legal description for the reserved land, at a cost of $700. In October 1987, Larson filed suit against Undems requesting specific performance of the contract; emotional distress damages; and sought to quiet title against the Undems for her seven acres. She also

requested her costs and attorney's fees.

In all other respects, our opinion shall remain unchanged.

Petition for rehearing is denied.

DATED this 11th day of December, 1990.

Chief Justice

Justices