No. 93-465

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

EDWARD L. HOFMANN, JR.,

        Plaintiff and Respondent,

v.

DAVID E. GEORGE and
MARJORIE F. GEORGE,

        Defendants and Appellants.

FILED
MAR 3 - 1994
Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

(OPINION WITHDRAWN
MARCH 3, 1994)

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

            Leo Graybill, Jr., Graybill, Ostrem & Crotty,
Great Falls, Montana

        For Respondent:

            Pierre L. Bacheller, Pierre L. Bacheller, Inc.,
Billings, Montana

Submitted on Briefs:   February 10, 1994

Decided:  March 3, 1994

Filed:

Re-FILED

OCT 20 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

———————————————————————
            Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

David E. George and Marjorie F. George (the Georges) appeal from a decision of the Thirteenth Judicial District Court, Yellowstone County. The court ruled that a buy and sell contract, wherein the Georges agreed to sell land to Edward L. Hofmann, Jr., was valid; the court further ordered specific performance of the contract. We affirm.

The dispositive issue on appeal is rephrased as whether the District Court erred in determining that the parties' buy and sell contract was specifically enforceable.

During 1992, the Georges sought to sell a tract of land they owned which is located between Billings and Laurel, Montana. The land was listed with area realtors, and realtor James Hoffman, located Edward L. Hofmann, Jr. (Hofmann), as an interested buyer in June 1992.

Hofmann made the Georges an offer to purchase the land for $160,000, and the Georges rejected the offer. Approximately one month later, however, the Georges approached Hofmann at Hofmann's business address and asked if he was still interested in purchasing their land for $160,000. The Georges explained that their contract with the realtors had terminated, and they could now sell the land to Hofmann, avoiding $11,200 in realtor fees.

Hofmann agreed to purchase the land under these conditions. Marjorie George picked up a buy and sell agreement at a local business, typed it out, and both parties signed it on July 29,

2

1992. The agreement provided, in relevant part, that payment was due as follows:

> $1,000.00 earnest money to be applied at closing . . . $159,000.00 balance of the purchase price will be paid as follows: proceeds from loan buyer is acquiring from First Federal Savings and Loan. Sale contingent upon buyer being able to obtain financing.

The parties signed another, supplemental agreement on July 30, 1992, which provided:

> DAVID D. and MARJORIE F. GEORGE (Sellers) agree to split with EDWARD L. HOFMANN, Jr. (buyer) any part of the $11,200 that is not paid to the realitors [sic] as commission at time of closing of the property at: 4316 Christinson Rd., Billings, Montana 59101.
>
> /s/ Marjorie F. George
> /s/ David D. George
> /s/ Edward L. Hofmann, Jr.

Hofmann presented the Georges with a $1,000 personal check dated August 1, 1992. He asked the Georges to notify him when they planned to cash it in order to ensure that sufficient funds would be in his personal checking account. The Georges attempted without success to reach Hofmann; they did not cash the check.

Instead, after the Georges had learned that realtors had initiated court proceedings to recover the $11,200 fee, the Georges asserted that the buy and sell agreement was invalid because the check was not valid earnest money. Additionally, the Georges asserted that the contract was not specifically enforceable because it was dependent upon Hofmann obtaining financing, and Hofmann's lending institution had yet to finalize the financing procedures.

3

Hofmann asserted that the $1,000 check was valid earnest money and that the only reason financing had not been completed was because his lender's appraisal agent could not contact the Georges to make an appraisal appointment. Hofmann asserted that the appraiser felt he was "being avoided" by the Georges. The District Court agreed with Hofmann and ordered specific performance of the contract. The Georges appeal.

Did the District Court err in determining that the parties' buy and sell contract was specifically enforceable?

Reviewing this civil case tried by the court without a jury, we examine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

The Georges make two attacks on the validity of the buy and sell agreement. First, they maintain that Hofmann's $1,000 earnest money check was insufficient because the check was not cashed, because Hofmann's personal checking account at times did not have sufficient funds to cover the check and because the check was not tendered at the time the parties signed the contract. Second, the Georges assert that the contract could not be specifically performed because Hofmann's lending institution failed to finalize the financing process by not performing an appraisal of the property. The Georges' arguments are without merit.

4

A personal check is valid consideration. See § 28-2-801, MCA. Here, where the contract stated that "$1,000 earnest money" was due "to be applied at closing," Hofmann's check, rendered after the contract was signed, constituted valid consideration.

The courts look to substance over form. Section 1-3-219, MCA. While normally the conditions of a contract which can be instantly performed are to be performed upon the signing of the contract unless otherwise specifically stated, see § 28-3-601, MCA, here we conclude that the District Court did not err in determining that the parties intended to enter into a valid, binding contract at the time Hofmann tendered the $1,000 earnest money check to the Georges. See generally, Ragland v. Sheehan (1993), 256 Mont. 322, 326-27, 846 P.2d 1000, 1003; Keesun Partners v. Ferdig Oil Co. (1991), 249 Mont. 331, 816 P.2d 417. Whether the Georges actually cashed the check is irrelevant to our review of its adequacy.

Concerning their second argument, the Georges essentially attack the validity of the contract itself by attacking the court's authority to order specific performance. There is no dispute that the equitable remedy of specific performance may be had on a valid contract for the purchase and sale of real property. Section 27-1-411(2), MCA; see also Keaster v. Bozik (1981), 191 Mont. 293, 623 P.2d 1376.

Hofmann asserts that he obtained adequate financing and the only remaining event to occur in order to finalize the financing process is an appraisal of the Georges' property. The appraiser,

5

stated Hofmann, had tried to perform an appraisal with no success.

In its findings of fact, the court noted that

[a]fter execution of the agreement to sell and purchase, [Hofmann] made application for a loan through First Federal Savings and Loan Association; as part of his loan application, he was requested to provide a profit and loss statement for his business; he employed an accountant to prepare such a statement at the cost of Six Hundred and No/100ths Dollars ($600.00); he understood that the only thing left to be done with his loan application was to obtain an appraisal of the property; the appraiser employed by the lending institution called him and asked that he help make an appointment to appraise the property because the appraiser was unable to make arrangements for an appointment with the [Georges] for purposes of the appraisal.

After reviewing the record, we conclude that Hofmann was "able to obtain financing" as required by the buy and sell agreement. We therefore hold that the District Court did not err in determining that the contract was valid and specifically enforceable. See Larson v. Undem (1990), 246 Mont. 336, 805 P.2d 1318.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

6

March 3, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Leo Graybill, Jr.
Graybill, Ostrem & Crotty
#18 Sixth St. No., Ste. 200
Great Falls, MT  59401

Pierre L. Bacheller, Esq.
Pierre L. Bacheller, Inc.
P.O. Box 2078
Billings, MT  59103-2078


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
      Deputy

October 20, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Leo Graybill, Jr.
Graybill, Ostrem & Crotty
#18 Sixth St. No., Ste. 200
Great Falls, MT 59401

Pierre L. Bacheller, Esq.
Pierre L. Bacheller, Inc.
P.O. Box 2078
Billings, MT 59103-2078

Kenneth R. Neill
LARSEN & NEILL
Box 1692
Great Falls MT 59403-1692

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _N. Gallagher_
Deputy