No. 02-008

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 262

NORMA O. GONZALES,

        Plaintiff and Appellant,

   v.

LAWRENCE WALCHUK, ROBERT B.
EKBLAD and PHYLLIS EKBLAD,

        Defendants and Respondents.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                   In and For the County of Sanders,
                   Honorable C. B. McNeil, Judge Presiding


COUNSEL OF RECORD:

        For Appellant:

        James D. Moore, Attorney at Law, Kalispell, Montana

        For Respondent:

        James R. Walsh, Smith, Walsh, Clarke & Gregoire, Great Falls, Montana


        Submitted on Briefs:  June 13, 2002

                  Decided:   November 26, 2002

Filed:

_____
                      Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 On summary judgment, the Twentieth Judicial District Court, Sanders County, concluded as a matter of law that a Certificate of Independent Contractor Exemption issued by the Montana Department of Labor and Industry is conclusive proof of a worker's status in the face of evidence that the Certificate was obtained by fraud. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Norma O. Gonzales fell from the roof of a carport that she was painting on September 25, 1998, sustaining severe injuries. Alleging by Complaint that Lawrence Walchuk hired her to paint a house owned by Robert and Phyllis Ekblad, Gonzales claimed that her employers failed to provide her with a safe workplace and workers' compensation insurance coverage. Walchuk denied that an employer-employee relationship existed. The Ekblads answered with the affirmative defense that Gonzales worked as an independent contractor and was unprotected by workers' compensation or the property owners' insurance.

¶3 Through discovery, Gonzales learned that a Certificate of Independent Contractor Exemption ("Certificate") had been issued in her name by the Montana Department of Labor and Industry a few weeks prior to the accident. She also discovered that the Ekblads are corporate officers and major shareholders in the Hot Springs Telephone Company, which was the actual lessee of the residence when the accident occurred. The Company provided the residence to Walchuk as partial compensation for his employment.

2

¶4    At the close of discovery on September 20, 2001, the parties discussed stipulating to an amendment to the pleadings to add the Hot Springs Telephone Company as a defendant and vacating the trial date set for December 10, 2001.  However, four days later, before a stipulation was executed, the Respondents moved for partial summary judgment on the issue of Gonzales's status as an independent contractor.  Gonzales moved the court for leave to amend the pleadings.  The District Court heard oral argument on the two motions on November 13, 2001.  A transcript of that hearing is not part of the record submitted to this Court on appeal.  Gonzales explained by brief that she proposed to amend her Complaint not only by seeking to enjoin the Telephone Company, but by adding a claim of fraud against the Respondents and by including an independent cause of action for failure of her employers to enroll in the workers' compensation insurance program, pursuant to § 39-71-515, MCA.

¶5    On November 26, 2001, the District Court denied the motion to amend the pleadings and granted complete summary judgment in favor of Walchuk and the Ekblads.  The court held that the Certificate issued to Gonzales by the Department of Labor and Industry provides conclusive proof of Gonzales's employment status as an independent contractor, pursuant to § 39-71-401(3)(c), MCA.

¶6    We rephrase the issues raised on appeal as follows:

¶7    1.    Whether the District Court erred in granting summary judgment on the basis that  issuance of a Certificate of Independent Contractor Exemption by the Department of Labor and

3

Industry precludes an action against an employer for a work-related injury when presented with evidence that the Certificate was obtained by fraud?

¶8    2.    Whether the District Court abused its discretion by denying Gonzales's motion for leave to amend her Complaint?

## STANDARD OF REVIEW

¶9    The standard of review for a grant of summary judgment is *de novo*.    This Court will apply the same evaluation as the district court based upon Rule 56, M.R.Civ.P.    The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law.  *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.    Once the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact.   *Bruner*, 272 Mont. at 264, 900 P.2d at 903.    Our standard of review of a question of law is whether the legal conclusions of the trial court are correct.  *Spain v. Montana Department of Revenue*, 2002 MT 146, ¶ 20, 310 Mont. 282, ¶ 20, 49 P.3d 615, ¶ 20 (citation omitted).

## DISCUSSION

¶10   The District Court ruled as a matter of law that the approval of Gonzales's application for an independent contractor exemption by the Department of Labor and Industry constitutes conclusive proof of Gonzales's employment status under the Montana Workers' Compensation Act.   Section 39-71-401(3)(c), MCA, states:

4

> When an application is approved by the department, it is conclusive as to the status of an independent contractor and precludes the applicant from obtaining benefits under this chapter.

Accordingly, the court found that the exemption was effective at the time of the accident and concluded that Gonzales was an independent contractor without standing to rely upon the Montana Safety Act, Title 50, ch. 71, part 2, Montana Code Annotated.

¶11 Gonzales presented evidence and argument before the District Court to rebut the argument that the issuance of a Certificate constitutes conclusive proof of her status. In her brief in opposition to summary judgment, she argued that she worked as an employee on the house-painting project and did not meet the statutory definition of an independent contractor. She also claimed that she neither knowingly applied for an independent contractor's exemption nor authorized her employer to seek an exemption on her behalf. Stating that she informed Walchuk that she had not previously worked as a painter before he hired her, Gonzales asserted that Walchuk fraudulently induced her to complete and sign an Independent Contractor Exemption Affidavit ("Affidavit"). Gonzales also claimed that Walchuk then submitted the sham Affidavit to the State of Montana without her knowledge or consent. Citing *Moschelle v. Hulse* (1980), 190 Mont. 532, 622 P.2d 155, for the proposition that fraud vitiates a contract from its inception and § 28-2-401, MCA, which states that consent is not real or free when obtained through fraud, Gonzales argued that the

5

Respondents' fraud invalidates both her consent to execute the Affidavit and the Department's issuance of the exemption Certificate.

¶12 On appeal, the Respondents maintain that the District Court correctly refused to consider evidence of fraud on summary judgment after denying Gonzales's motion to amend the pleadings. Because Rule 9(b), M.R.Civ.P., requires that the circumstances constituting fraud be stated with particularity in the pleadings and Gonzales failed to allege fraud in her Complaint, the Respondents contend that the issue was not properly before the court.

¶13 It is well settled that "a complaint must put a defendant on notice of the facts the plaintiff intends to prove; the facts must disclose the elements necessary to make the claim; and the complaint must demand judgment for the relief the plaintiff seeks." *Larson v. Green Tree Financial Corp.*, 1999 MT 157, ¶ 35, 295 Mont. 110, ¶ 35, 983 P.2d 357, ¶ 35 (citation omitted). The complaint must provide a defendant with notice and an opportunity to defend himself. *Larson*, ¶ 35.

¶14 Gonzales stated in her Complaint and Demand for Jury Trial that she was an employee of the Respondents within the meaning of the Workers' Compensation Act. She claimed that the Respondents not only failed to provide a safe workplace, they also failed to provide workers' compensation coverage for her. Thus, the Complaint clearly put Walchuk and the Ekblads on notice that Gonzales intended to prove that she was an employee who was injured

6

in the course of her employment and wrongly denied workers' compensation coverage.

¶15 Gonzales acknowledges on appeal that she did not assert that her alleged employers fraudulently induced her to waive her rights to workers' compensation coverage as a separate claim. She first raised the issue before the District Court by brief for the purpose of avoiding the Respondents' affirmative defense that the Certificate conclusively established her status as an independent contractor. Arguing that further pleadings were not necessary to raise a defense to an affirmative defense, Gonzales cites *Wheat v. Safeway Stores, Inc.* (1965), 146 Mont. 105, 404 P.2d 317, where this Court clarified that our Rules of Civil Procedure do not direct a plaintiff to file a pleading in reply to an answer unless a counterclaim is asserted or unless specifically ordered to do so by the trial court. Where no responsive pleading is required or permitted, an averment in an answer, such as an affirmative defense, is considered denied or avoided, according to Rule 8(d), M.R.Civ.P.

¶16 In this case, the District Court did not order Gonzales to reply to the Ekblads' Answer, which raises the affirmative defense that due to Gonzales's independent contractor status, the Respondents bear no liability for her injuries. Therefore, under Rule 8, M.R.Civ.P., no further pleadings were permitted without permission of the court. The Respondents acknowledge that they were aware of Gonzales's contention that the Certificate was obtained by fraud more than a year before they filed a motion for

7

summary judgment. The Respondents attached a copy of the Certificate to their First Request for Admissions, which Gonzales answered on August 11, 2000, with the following statement:

> REQUEST FOR ADMISSION NO. 6: Admit that [the Certificate of Independent Contractor Exemption] was not revoked, withdrawn, or canceled on or before the date of the claimed accident at issue.

> ANSWER: Objected to as calling for a legal conclusion which Plaintiff is not qualified to give. Without waiving this objection, Plaintiff denies the same, both as a result of lack of knowledge as to the subject of this inquiry and she believes the Defendants to have fraudulently obtained the same as a result of which it would be void, or canceled and revoked *ab initio* by the State of Montana.

Both parties conducted further discovery on the circumstances surrounding the completion and submission of Gonzales's application Affidavit to the Department of Labor and Industry.

¶17 While Rule 9(b), M.R.Civ.P., requires that a claimant plead fraud with particularity to support a claim for damages, nothing in our Rules of Civil Procedure bars a court from considering evidence of fraud or misrepresentation presented to avoid an affirmative defense on summary judgment. The burden of the party opposing summary judgment is to present substantial evidence that raises a genuine issue of material fact. Accordingly, we conclude that evidence presented by Gonzales indicating that the Respondents fraudulently induced her to complete and sign an independent contractor Affidavit, which the Respondents then submitted to the

8

State of Montana, was properly before the District Court despite the court's denial of Gonzales's motion to amend her Complaint.

¶18 The Respondents also argue on appeal that Gonzales desired to engage the District Court in exactly the sort of fact-intensive inquiry that the Legislature specifically intended to avoid by setting forth the legal presumption that approval of an application for an exemption by the Department of Labor and Industry is conclusive as to the status of an independent contractor. They point out that the Legislature enacted § 39-71-401(3)(c), MCA, to provide a method for a worker to declare his or her employment status before an accident occurs and to give employers the security of knowing when they are responsible for furnishing workers' compensation coverage.

¶19 While § 39-71-401(3)(c), MCA, plainly states that an approved application is conclusive as to the status of an independent contractor, the case *sub judice* raises the question of whether the conclusive presumption embodied by the statute presupposes that an applicant knowingly and voluntarily completes and submits the application to the Department of Labor and Industry.

¶20 The District Court issued no findings on the real circumstances of Gonzales's employment and appeared to regard evidence that the application for independent contractor status was obtained by fraud as immaterial. The court granted summary judgment to the Respondents based solely on the legal presumption that an approved application is conclusive as to the status of an independent contractor, pursuant to § 39-71-401(3)(c), MCA.

9

¶21 Gonzales offered sworn testimony to the District Court that her employers obtained her Independent Contractor Exemption Affidavit by fraud and submitted the application without her knowledge or consent to the Department of Labor and Industry. By affidavit and deposition, Gonzales stated that she emigrated from Jalisco, Mexico, to the United States in 1989 and was 33 years old at the time of the accident. She received a sixth grade education in Mexico and had no formal schooling in the English language. After her husband was imprisoned in 1998, Gonzales found housekeeping work to support herself and her two children in Hot Springs, Montana. She explained that she cleaned Walchuk's house at 102 Wall Street in Hot Springs for a few months before Walchuk offered her the job of helping another woman, Theresa Hunter, paint the exterior of his residence. Gonzales testified that she told Walchuk that she had no prior experience as a painter when he hired her.

¶22 Robert Ekblad, who was Walchuk's supervisor at the Hot Springs Telephone Company, testified that he directed Walchuk to have each of the women hired to paint the house obtain an exemption from workers' compensation and unemployment insurance coverage. Walchuk acknowledged that he presented Gonzales and Hunter with the applications for exemptions required by the Montana Department of Labor and Industry. He asked Hunter and Gonzales to fill in the blanks on the standardized forms and brought the women before a notary public where the Independent Contractor Exemption Affidavits were signed and notarized.

¶23 According to Gonzales's deposition testimony, she told Walchuk that she could not read English and relied upon Walchuk to explain the purpose and meaning of the Affidavit he asked her to complete. Walchuk did not read the Affidavit to Gonzales but explained that the form was "not important" and only necessary for "tax purposes." With spelling help from Walchuk and Hunter, Gonzales listed her occupation as "painter" and filled in her mailing address. She told Walchuk that she did not have a social security number and was directed to enter her husband's number in the space provided. Gonzales also testified that the notary did not ask for identification or inquire whether she understood what she was signing.

¶24 Ekblad paid the $25.00 application fee for Gonzales; Walchuk mailed her Affidavit to the Department of Labor and Industry. On August 19, 1998, the Department approved Gonzales's application and issued her a Certificate that exempted her from the Workers' Compensation Act for three years. Because the Certificate listed an incorrect post office box number, Gonzales did not receive notice by mail that her application had been approved by the Department. She testified that she only learned about her independent contractor's exemption through discovery.

¶25 The undisputed evidence presented by Gonzales that her employers committed fraud upon her and the State of Montana raises a genuine issue of material fact regarding the validity of the Certificate of Independent Contractor Exemption issued to Gonzales by the Department of Labor and Industry. Therefore, we conclude

11

that Gonzales, as the non-moving party, met her burden in opposing summary judgment. Although Gonzales also marshaled evidence before the District Court to support an argument that she worked as an employee on the house-painting project and not as an independent contractor, we reach no conclusion regarding Gonzales's employment status at the time of her accident and leave resolution of this matter to the trial court on remand.

¶26 We hold that the presumption set forth in § 39-71-401(3)(c), MCA, that issuance of a Certificate of Independent Contractor Exemption is conclusive as to the status of an independent contractor, presupposes that the applicant knowingly and voluntarily completes and submits the application. We further hold that this presumption does not survive in the face of proof that the Certificate was obtained by fraud. Consequently, we conclude the District Court erred by granting summary judgment as a matter of law.

## CONCLUSION

¶27 We reverse the grant of summary judgment in favor of Walchuk and the Ekblads and remand for further proceedings consistent with this opinion. Gonzales presented substantial evidence that raised a genuine issue of material fact as to whether the Certificate was obtained by fraud. Thus, she has met her burden in opposing summary judgment. We do not reach the issue of whether the District Court abused its discretion by denying Gonzales's motion for leave to amend the pleadings and trust the court will have an opportunity to reconsider such a motion upon remand.

12

¶28   Reversed and remanded.


                                        /S/ W. WILLIAM LEAPHART

We concur:


/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE