No. 01-477

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 20

TRUX, L.P.,

        Plaintiff and Appellant,

v.

MINE AND MILL HYDRAULICS, INC.; GLEN M.
CALDWELL; KATHLINDA BETTISE, a/k/a
KATHLINDA CALDWELL; JAMES BURRINGTON;
WILLIAM ANDERS; WILLIAM H. STINCHFIELD;
GERALD E.NICHOLS; and MONTANA HYDRAULICS, LLC,

        Defendants and Respondents.

FILED

FEB 13 2003

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. ADV-99-00370,
Honorable Dorothy McCarter, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

            John M. Kauffman, Kasting, Combs & Kauffman, Bozeman, Montana

        For Respondents:

            Kimberly S. More and Bruce A. Fredrickson, Crowley, Haughey,
Hanson, Toole & Dietrich, Helena, Montana

Submitted on Briefs:   February 7, 2002

Decided:   February 13, 2003

Filed:

_____
           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 The Appellant, TRUX, L.P. (Trux), brought this action against the Respondents alleging constructive fraud, breach of fiduciary duty and unjust enrichment. The District Court for the First Judicial District, Lewis and Clark County, granted summary judgment in favor of the Respondents and against Trux, concluding that Trux was barred from recovery by § 27-1-303, MCA, because Trux had already received a judgment against Mine and Mill Hydraulics, Inc., and because granting judgment against additional defendants would allow Trux to recover more than the satisfaction of its losses. Trux now appeals. We reverse.

¶2 We rephrase and address the following issues on appeal:

**¶3    1. Where it is alleged that there are multiple tortfeasors who are jointly and severally liable and the plaintiff has obtained, in a separate action, a judgment against one of the tortfeasors for the full amount of damages alleged, but has received no recovery, does § 27-1-303, MCA, prevent the plaintiff from bringing a separate action against the other tortfeasors?**

**¶4    2. Whether the Directors are shielded from personal liability for the contractual obligation of Mine and Mill to Trux.**

## PROCEDURAL BACKGROUND

¶5 On October 19, 1998, Mountain West Bank brought suit to collect on loans that it had made to Mine and Mill Hydraulics, Inc. (Mine and Mill), alleging that Mine and Mill had defaulted on its loans. That suit is known as *Mountain West Bank N.A. v. Mine and Mill Hydraulics, Inc. et al.*, CDV 98-596 (the "Bank Case"). Because Trux had a security interest in some of the same collateral as Mountain West Bank, the bank named Trux as an additional defendant.

2

¶6 Within that suit, Trux filed a cross-claim against Mine and Mill and Glen Caldwell, shareholder and officer of Mine and Mill, for breach of contract, fraud and unjust enrichment. After conducting some discovery, Trux moved under Rule 19, M.R.Civ.P., to add Montana Hydraulics, LLC (MH), as an additional party to the Bank Case. In February 2000, the District Court denied Trux's request to add MH as a party, stating:

> [C]omplete disposition can be made in this case without joining Montana Hydraulics as a party. Mine and Mill is the debtor and the claims presented are against Mine and Mill on account of its default on various loan obligations. Mountain West holds first priority liens on the collateral which was leased to Montana Hydraulics.
>
> TRUX has superior priority to that of Mountain West in only the accounts receivable of Mine and Mill. There is no indication in the record, and TRUX has not argued, that Montana Hydraulics was involved with any aspect of those receivables. Furthermore, it has not been demonstrated that Montana Hydraulics has any interest in the outcome of this foreclosure action, or in the ultimate disposition of any funds received from the sale of the collateral. Accordingly, the Court concludes that Montana Hydraulics need not be brought into this action and that TRUX's motion to add Montana Hydraulics as a party should be denied.

Although the District Court did not allow Trux to add MH to the Bank Case, Trux sought and ultimately received a default judgment, on May 25, 2000, against Mine and Mill for $1,032,019 plus attorney fees of $27,330.51.

¶7 In June 1999, while the Bank Case was still proceeding and before receiving its default judgment against Mine and Mill, Trux filed its complaint in the instant case. The original complaint is nearly identical to the cross-claim Trux filed against Mine and Mill in

3

the Bank Case. Trux named as defendants Mine and Mill and Glen and Kathlinda Caldwell, both shareholders and officers of Mine and Mill.

¶8 On the same day that Trux received its default judgment against Mine and Mill in the Bank Case, Trux filed an amended complaint in the instant case, adding as defendants MH and its Directors. The allegations in the amended complaint involve the same actions that led to the default judgment against Mine and Mill in the Bank Case.

¶9 MH and its Directors (collectively "Respondents") thereafter moved the court to dismiss, arguing, in part, that allowing Trux to recover against them would violate § 27-1-303, MCA. The Respondents argued that the statute prohibited Trux from recovering a greater amount of damages than it suffered from any breach of an obligation, and that allowing Trux to proceed against them would essentially permit Trux to receive "double recovery" for its damages. The District Court converted the motion to one for summary judgment and on April 5, 2001, granted summary judgment to the Respondents and against Trux, concluding that § 27-1-303, MCA, barred Trux from recovering against the Respondents in light of the default judgment awarded Trux for its full damages against Mine and Mill.

¶10 Trux moved the District Court to alter or amend its judgment, noting in part, that Trux alleged that the Respondents were jointly and severally liable, and therefore, that any judgment against the Respondents, and damages collected therefrom, would be offset by any

4

damages actually collected from the default judgment against Mine and Mill.[1] The District Court denied Trux's motion.

¶11 It is from the District Court's grant of summary judgment to the Respondents and from the District Court's denial of Trux's motion to alter and amend judgment that Trux now appeals.

## STANDARD OF REVIEW

¶12 The standard of review for a grant of summary judgment is *de novo*. This Court will apply the same evaluation as the district court based upon Rule 56, M.R.Civ.P. The moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Gonzales v. Walchuk*, 2002 MT 262, ¶ 9, 312 Mont. 240, ¶ 9, 59 P.3d 377, ¶ 9. Once the moving party has met its burden, the opposing party must, if it wishes to raise a genuine issue of material fact rather than merely arguing for a favorable judgment, present material and substantial evidence essential to one or more elements of its case rather than presenting mere conclusory or speculative statements. *Gonzales*, ¶ 9. As we stated in *Gonzales*, "[o]nce the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative

---

[1] Part of the District Court's concern when granting summary judgment was that Trux's default judgment in the Bank Case did not explicitly provide for an offset from any amount recovered from other defendants. To allay this concern, Trux moved for and was granted an amendment to its previous default judgment, providing that any recovery from other defendants would offset the amount collectable from Mine and Mill. Thereafter, Trux filed its motion to alter or amend the District Court's grant of summary judgment in the instant case.

5

statements, to raise a genuine issue of material fact." Our standard of review of a question of law is whether the legal conclusions of the trial court are correct. *Gonzales*, ¶ 9.

## DISCUSSION

¶13   **1. Where it is alleged that there are multiple tortfeasors who are jointly and severally liable and the plaintiff has obtained, in a separate action, a judgment against one of the tortfeasors for the full amount of damages alleged, but has received no recovery, does § 27-1-303, MCA, prevent the plaintiff from bringing a separate action against the other tortfeasors?**

¶14   Section 27-1-303, MCA, provides:

> **Limitation of damages for breach of obligation.** No person can recover a greater amount in damages for the breach of an obligation than he could have gained by the full performance thereof on both sides unless a greater recovery is specified by statute.

¶15   Trux contends that the District Court erred in applying the above statute, arguing that the statute prohibits only *recovery* of more than the satisfaction of its losses, but does not preclude its right to attain a judgment against any and all parties who may be jointly and severally liable for damages. Trux notes that it has recovered no damages from its default judgment against Mine and Mill in the Bank Case and that any recovery from the Respondents would offset the amount collectable from Mine and Mill, thereby preventing Trux from recovering a greater amount than its actual damages.

¶16   The District Court disagreed with Trux's interpretation of the statute, stating that the wording "does not limit that statute to money actually recovered . . . . If the legislature had intended to limit the statute to money actually recovered, it could have included express language to that effect." The District Court concluded that § 27-1-303, MCA, prohibited

6

Trux from adding the Respondents as defendants to the instant case and concluded that Trux's interpretation would defeat the purpose of the statute "since Plaintiff's judgment can be enforced at any time in the future, long after Plaintiff may have recovered from other Defendants, resulting in a double recovery for Plaintiff."

¶17 On appeal, the Respondents agree and contend that "any award of additional damages against Montana Hydraulics and the Directors would constitute a double recovery .... TRUX does not allege any additional damages beyond those resulting from the alleged breach of contract by [Mine and Mill], which damages were awarded in the previous case." We disagree with the Respondents and the District Court.

¶18 Section 27-1-303, MCA, by its own wording, "limits the recovery to the amount the plaintiff could have gained by full performance of the contract" unless a greater recovery is specified by statute. *Larson v. Undem* (1990), 246 Mont. 336, 341, 805 P.2d 1318, 1322. While the statute plainly limits total recovery to the satisfaction of a plaintiff's losses for breach of an obligation, the wording of the statute nowhere shields from liability any parties who may be jointly or severally liable.

¶19 The District Court concluded that Trux offered no authority that joint and several liability enabled it to collect more than it is entitled to collect under the law. Trux did not argue, however, that joint and several liability permitted or enabled it to collect more than it was entitled to collect under the law. Rather, Trux argued that § 27-1-303, MCA, did not bar separate actions against jointly and severally liable tortfeasors even where Trux had

7

already received a default judgment covering its losses, but had not been successful in collecting the judgment.

¶20    We agree with Trux. Nothing in the plain wording of § 27-1-303, MCA, prevents a party from pursuing and receiving separate judgments against jointly and severally liable tortfeasors. This is true even if more than one judgment entitles the plaintiff to the full amount of damages suffered. By definition, "a liability is said to be joint and several when the creditor may demand payment or sue one or more of the parties to such liability separately, or all of them together at [the creditor's] option." Black's Law Dictionary 837 (6th ed. 1990).

¶21    In conjunction with joint and several liability, the plain language of § 27-1-303, MCA, prevents a person from recovering for breach of an obligation an amount greater than the damages suffered. Permitting joint and several liability–that is, separate judgments against multiple tortfeasors–does not, as concluded by the District Court, defeat the purpose of the statute. Section 27-1-303, MCA, does not shield a jointly and severally liable tortfeasor from judgment merely because a judgment for full recovery has already been entered against another jointly and severally liable tortfeasor. The statute does not designate which liable party must pay. It merely limits a person's recovery to actual losses suffered by breach of an obligation. To interpret the statute as the District Court has done would effectively shield other tortfeasors who are jointly and severally liable, and thus responsible for a plaintiff's damages, simply because the plaintiff received a judgment, or right of recovery, against one

8

of the tortfeasors. This reasoning would effectively provide a route through which jointly and severally liable tortfeasors could avoid liability, a result that is clearly not the purpose or intention of the statute.

¶22 We agree with Trux that its previous judgment merely represents a right to recover against Mine and Mill. The judgment does not represent actual recovery. Section 27-1-303, MCA, is therefore inapplicable in the instant case. If it is determined that the Respondents are jointly and severally liable because they breached an obligation to Trux, the judgment against Mine and Mill will not shield them.

¶23 We conclude, therefore, that § 27-1-303, MCA, by its plain language, merely prevents a person from recovering a greater amount of damages than suffered by breach of an obligation unless otherwise provided by statute. It does not preclude separate judgments against tortfeasors who are jointly and severally liable and is therefore inapplicable to the present case. The District Court thus erred when it granted summary judgment on that basis.

¶24 **2. Whether the Directors are shielded from personal liability for the contractual obligation of Mine and Mill to Trux.**

¶25 On appeal, the Respondents claim that joint and several liability is improper because Trux did not establish that the Directors acted against the best interests of the corporation or acted only on the basis of their own pecuniary benefit or with the intent to harm Trux. In granting summary judgment, the District Court did not address the issue of whether the Respondents are or are not jointly and severally liable and the issue will not be addressed herein.

9

¶26 The Respondents also allege that summary judgement would have been appropriate on the basis of collateral estoppel or, alternatively, because Trux could have added the Respondents to the Bank Case under Rule 13(h), M.R.Civ.P., but failed to do so. The District Court did not grant summary judgment on the basis of these issues and the issues are not properly before this Court on appeal.

¶27 We conclude that the District Court erred in granting summary judgment to the Respondents on the basis of § 27-1-303, MCA. We reverse and remand accordingly.

_____
Justice

We concur:

_____
Patricia Cotter

_____

_____

_____
Justices