No. 02-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 74

VAN and ALICE BOND,

        Plaintiffs and Appellants,

   v.

CITY OF PHILIPSBURG, DAVENPORT
REAL ESTATE, WILLIAM DAVENPORT,
DONALD BOWEN and DAVID BOWEN,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Third Judicial District,
                    In and for the County of Granite, Cause No. DV 98-30
                    The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Christian T. Nygren, Milodragovich, Dale, Steinbrenner & Binney,
    Missoula, Montana

        For Respondents:

                Mark S. Williams & William R. Bieler, Williams Law firm, Missoula,
                Montana (for City of Philipsburg); Bernard J. Everett, Knight, Dahood,
                McLean & Everett, Anaconda, Montana (for David & Donald Bowen)

                        Submitted on Briefs: October 31, 2002

                            Decided:  April 8, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Van and Alice Bond (the Bonds) brought this action to rescind a contract for deed and to recover damages incurred as a result of water leakage into the basement of a building they purchased from Donald Bowen and David Bowen (the Bowens). The Third Judicial District Court, Granite County, granted the Bowens' motion for summary judgment. The Bonds appeal. We affirm.

¶2 The issues are:

¶3 1. Did the District Court err in concluding the source of water in the Bonds' basement was not a material fact to the transaction between the Bonds and the Bowens?

¶4 2. Did the District Court err in concluding the leakage in the 1980s was not a material fact?

¶5 In 1994, the Bonds contracted to purchase a brick building in Philipsburg, Montana, from the Bowens. The Bowens had used the building to operate a motor vehicle repair business from about 1978 until 1990. The Bonds, both of whom were licensed to sell real estate in Oregon, personally inspected the building before they bought it. Davenport Real Estate and William Davenport (the Davenports) represented the Bonds in closing their transaction with the Bowens.

¶6 In August of 1997, the Bonds noticed a small amount of water in the basement of the building, which they used as a residence. Then, in May of 1998, more water began to flow into the basement, up to a rate of two gallons per minute. The water eventually subsided to

2

a slow seepage. Testing has yielded conflicting results as to whether the water was ground water or leakage from a city water line.

¶7 The Bonds learned that water had leaked into the basement of the building previously, particularly in the early 1980s. They filed a complaint in the District Court alleging that the City of Philipsburg (the City) was negligent in failing to adequately investigate and repair a broken city water line nearby. They further alleged that the Davenports and the Bowens intentionally and negligently misrepresented that a floor drain in the basement was for the purpose of the car service business and failed to disclose that the building had been subject to leaks in previous years. Their complaint also alleged that the Davenports and the Bowens breached the implied warranty of habitability in that the building has defects which preclude its use as a home and business.

¶8 After the defendants filed answers to the complaint and discovery was had, the Bonds conceded there was no evidence of intentional misrepresentation. The Bowens and the Davenports moved for summary judgment on grounds that they did not have a duty to disclose the early 1980s water problems to the Bonds and there was no disputed fact as to their liability for the damaged property. The District Court granted summary judgment and dismissed the Bowens and the Davenports from the action. Thereafter, the Davenports entered into a settlement agreement with the Bonds, who now appeal the summary judgment in favor of the Bowens.

¶9 In their response brief, the Bowens raise the preliminary question of whether the judgment in their favor was properly certified for appeal pursuant to Rule 54(b), M.R.Civ.P.

3

This question arises in light of the fact that the Bonds' claim against the City for negligence still remains to be resolved. The Bowens contend the District Court failed to properly articulate the reasons and factors underlying its decision to order Rule 54(b) certification. However, because they did not file either a cross-appeal or a motion to dismiss, we decline to consider their argument.

### Standard of review

¶10 Rule 56(c), M.R.Civ.P., provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions and affidavits filed establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Once the moving party has met its burden, if the opposing party wishes to raise a genuine issue of material fact rather than merely arguing for a favorable judgment, it must present material and substantial evidence essential to one or more elements of its case rather than presenting mere conclusory or speculative statements. *Gonzales v. Walchuk,* 2002 MT 262, ¶ 9, 312 Mont. 240, ¶ 9, 59 P.3d 377, ¶ 9.

¶11 We review a summary judgment *de novo*, under the same standards as those used by the district court. *Motarie v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156.

### Issue 1

¶12 **Did the District Court err in concluding the source of water in the Bonds' basement was not a material fact to the transaction between the Bonds and the Bowens?**

¶13    The District Court concluded:

> [T]he source of the water in the basement is not a material fact question.  For the Bonds to recover against the Bowens it must be proven that the failure to disclose the water flow in the basement in the early 1980s was a material fact that was legally required to be disclosed to the Bonds regardless of the source of the water.

The Bonds challenge this conclusion.  They claim the source of the water would be a disputed contention between the Bowens and the City at trial because one of those two defendants is liable for their damages suffered as a result of the water.

¶14    The Bonds are incorrect.  While the source of the water will be at issue between the Bonds and the City, it is not germane to their claims against the Bowens.  The Bonds' claims against the Bowens are for non-disclosure of the leak they experienced in the building, no matter what the source.  Because the source of the water seepage is not essential to the Bonds' case against the Bowens, a question of fact regarding the source of the water does not preclude summary judgment for the Bowens.

¶15    We hold that the District Court was correct in ruling that the source of the water was not a material fact as to the Bonds' claims against the Bowens.

Issue 2

¶16    **Did the District Court err in concluding the leakage in the 1980s was not a material fact?**

5

¶17　　The Bonds argue Montana case law has established that sellers owe buyers a duty to disclose any relevant information concerning a sale.  They state sellers are not at liberty to decide what constitutes relevant information, and that anything that may affect the property and is known to the seller should also be made known to the buyer.

¶18　　The Bonds cite *Mattingly v. First Bank of Lincoln* (1997), 285 Mont. 209, 219, 947 P.2d 66, 72, for the proposition that constructive fraud can be found when sellers of real property, by their words or conduct, create a false impression concerning "serious impairment *or other important matters*" (emphasis supplied by the Bonds) and fail to disclose the relevant facts.  The Bonds also cite *Russell v. Russell* (1969), 152 Mont. 461, 452 P.2d 77 (the issue of fraud was properly submitted to a jury where the seller of a bar/restaurant failed to inform the buyer that the plumbing system in the bar/restaurant needed to be fixed to meet Board of Health standards); *Poulsen v. Treasure State Industries, Inc.* (1981), 192 Mont. 69, 626 P.2d 822 (property seller was liable for fraud in failing to inform property buyer that the seller had been cited with pollution violations at the property); and *Moschelle v. Hulse* (1980), 190 Mont. 532, 622 P.2d 155 (affirming a judgment allowing rescission of a contract for deed for the purchase of a tavern, where the seller had informed the buyer that the building was in good condition and that he had installed new wiring, but neglected to inform the buyer that the floor and foundation were rotted and that the new wiring had been installed more than thirty years before; and the seller had told the buyer that the building was connected to the city sewer system but neglected to add that the buyer

6

would be responsible for maintaining 200 feet of 100-year-old pipe between the building and the city line).

¶19    While the above-cited cases addressed the sellers' failure to disclose important matters, the plaintiffs here have all but conceded that the 1980s leakage was not important. The District Court's conclusions highlight the testimony in this regard:

> [T]his is the rare case where reasonable minds could not differ that the 1980s flow of water was not a material fact to the sale between the Bowens and the Bonds. The mere fact that this flow of water which was over ten years prior to the sale was characterized as a "trickle" and an insignificant flow tends to show that it was not a material fact. The fact that the Bonds did their own inspection and found the basement to be dry and dusty also tends to show that water was not an important consideration. The Bonds did not make any inquiry themselves of any water problems although they both held real estate licenses in Oregon. Finally, the Bonds themselves did not consider the 1997 water flow to be anything but a minor problem. The evidence shows that Bonds continued a professional relationship with Davenport after discovering the 1997 water flow, and further, Bonds did not disclose the 1997 water flow to the Bank in 1998 for the refinancing loan because the Bonds thought the water flow was only a minor problem. The Bonds cannot have it both ways. They cannot claim that the remote, small flow of water in the 1980s thought to be from a leaky city water line is material to this litigation, and at the same time claim that a more recent and similar flow is minor at the present time.

We agree with the District Court. The Bonds' position is inconsistent. Van Bond described the 1997 water leakage in the basement of the building as a minor event which had been taken care of, and the Bonds did not disclose the leakage to the bank when they refinanced the building in 1998. If the Bonds think the 1997 water flow was "a minor event" which they did not need to disclose to their bank in 1998 when refinancing the property, how can they assert that the Bowens should be required to disclose the leakage which occurred in the 1980s, some ten years before the Bowens sold the property to the Bonds?

7

¶20    We conclude the Bowens were not required to disclose the leakage during the 1980s, because it was not a material fact in their transaction with the Bonds.   We hold the District Court was correct in granting summary judgment to the Bowens.

¶21    Affirmed.

/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE

8